**John J. McCARTHY, Petitioner–Appellant,**

v.

**John DOE, Director of the Federal Bureau of Prisons;  Kathleen M. Hawk, Director;  Joe Aguirre, Chief;  T.Y. Butt, Administrator, Respondents–Appellees.**

No. 96–2767.

United States Court of Appeals, Second Circuit.

Argued Dec. 8, 1997.

Decided June 9, 1998.

John J. McCarthy, Petitioner–Appellant pro se, Somers, CT.

Christopher F. Droney, U.S. Atty., New Haven, CT (David J. Sheldon, Asst. U.S. Atty., New Haven, CT, on brief), for Respondents–Appellees.

Before: LEVAL and CABRANES, Circuit Judges, and MURTHA, Chief District Judge*

MURTHA, Chief District Judge:

This appeal raises a narrow but important sentencing question: Where a sentencing court does not indicate whether a federal sentence should be served consecutively to or concurrently with a not-yet-imposed state sentence, does the Bureau of Prisons have discretion to designate the state correctional facility as the place of confinement for the federal sentence, thus allowing the federal and state sentences to run concurrently? We hold that it does.

## I. Background

In late 1992, petitioner was in the custody of the State of Connecticut, facing numerous state criminal charges. Petitioner also had been indicted on federal firearms charges. Beginning in December 1992, petitioner made several appearances in federal district court, each time pursuant to a writ of habeas corpus ad prosequendum, and was eventually convicted of two counts of possession of a firearm. *See* 18 U.S.C. §§ 922(g), 924(e). In January 1994, the federal district court sentenced petitioner to a term of 235 months. The court did not indicate whether the federal sentence was to run concurrently with or consecutively to any future state sentence. At sentencing, however, petitioner's stand-by counsel informed the court that petitioner would soon be sentenced on the state charges, and that the state sentence would likely run concurrently with the federal sentence.

Shortly thereafter, in April 1994, petitioner pleaded guilty to several state charges of burglary and larceny. The state court sen-

* Honorable J. Garvan Murtha, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

tenced petitioner to a seven-year term to run concurrently with his federal sentence. Petitioner remained in state custody.

In August 1995, petitioner requested that the Bureau of Prisons ("Bureau") designate, *nunc pro tunc,* the state facility in which he was confined as a federal prison. Such a designation would allow petitioner to serve his state and federal sentences concurrently. In response, petitioner received a letter from Joe Aguirre, Chief of Inmate Systems Management at the Central Office of the Bureau, dated August 28, 1995. Aguirre explained that, in accordance with 18 U.S.C. § 3584(a), petitioner's federal sentence would run consecutively to his state sentence because the federal sentencing court had not specified otherwise.

A few days later, petitioner sent a letter to both Aguirre and Kathleen Hawk, Director of the Bureau, again requesting *nunc pro tunc* designation. Aguirre forwarded this second request to the Bureau's regional Inmate Systems Administrator. The Administrator, T.Y. Butt, notified petitioner in December 1995 that his request had been denied. Butt noted that the federal sentencing court had made no provision for a concurrent sentence, although the court was aware of petitioner's impending state sentence. Citing 18 U.S.C. § 3584, Butt explained that because of the federal's court silence, petitioner's federal sentence would run consecutively to his state sentence.

On August 22, 1995, before receiving any response from the Bureau, petitioner filed his first petition to compel the Bureau to respond to his request. At issue in this appeal, however, is petitioner's second amended petition, filed March 25, 1996. The second amended petition raised two claims: that the Bureau erred in refusing to designate petitioner's state prison as a place of confinement for service of his federal sen-

tence, and that the Bureau erred in refusing to recognize its authority to make such a designation.

The district court denied the petition. The court reasoned that, in part, petitioner sought modification of his federal sentence to specifically provide that the federal sentence should run concurrently with any future state sentence. The court held that such a claim was properly considered on a motion to vacate, modify, or correct a sentence pursuant to 28 U.S.C. § 2255, and denied the request.[1] To the extent petitioner sought review of the Bureau's denial of *nunc pro tunc* designation, the court held that petitioner had obtained the only relief to which he was entitled—consideration of the request by the Bureau—and denied the petition as moot. Petitioner timely appealed.

## II. Discussion

After examining petitioner's contentions on appeal, we conclude that one of his claims for relief is meritorious. Specifically, we hold that the Bureau failed to properly consider petitioner's request for *nunc pro tunc* designation. The Bureau's responses to petitioner's request suggest the Bureau believed it had no authority to make such a designation. As we explain below, however, the Bureau does have authority to grant petitioner's request for *nunc pro tunc* designation, and petitioner is entitled to full review of that request.

■ The law governing prisoners subject to multiple sentences, particularly prisoners subject to multiple state and federal sentences, is hardly a model of clarity. We begin our discussion of this case by explaining what is not at issue. First, although petitioner emphasizes the state court's designation of its sentence to run concurrently

---

1. Petitioner contends that the district court erred by converting his habeas petition to a motion to correct or modify his sentence pursuant to 28 U.S.C. § 2255. In its ruling, the district court expressed understandable confusion as to whether petitioner sought review of the Bureau's denial of his request, or sought modification of his federal sentence to state that it should be served concurrently with any future state sentence. The court noted that the latter form of relief was

properly sought by way of a motion to modify or correct a sentence pursuant to § 2255, and denied the petition to the extent it sought such relief. We do not agree with petitioner that the district court "converted" his habeas petition to a § 2255 motion. Rather, the district court denied any request by petitioner for modification of his sentence on the grounds that such relief should be sought in a § 2255 motion.

with petitioner's federal sentence, we note that the state court's intent is not binding on federal authorities. *See United States v. Sackinger,* 704 F.2d 29, 32 (2d Cir.1983) (federal court is not obligated to comply with terms of plea agreement entered into between defendant and state authorities). Second, this case does not raise the issue of a sentencing court's authority to designate a federal sentence to run consecutively to a not-yet-imposed state sentence. This Court previously held that sentencing courts had such authority under the statutes effective prior to 1987, *see Salley v. United States,* 786 F.2d 546, 547 (2d Cir.1986), but has not addressed the issue under 18 U.S.C. § 3584(a), the current statute governing imposition of multiple terms of imprisonment. Our sister circuits are split on this question. *See, e.g., United States v. Williams,* 46 F.3d 57, 59 (10th Cir.1995) (18 U.S.C. § 3584(a) does not prohibit district court from ordering that federal sentence be served consecutively to state sentence that has not yet been imposed); *United States v. Clayton,* 927 F.2d 491, 492 (9th Cir.1991) (limiting language of 18 U.S.C. § 3584(a) indicates that Congress did not vest federal courts with authority to impose federal sentence to run consecutively to state sentence that has not yet been imposed).

Here, the sentencing court was silent as to whether petitioner's federal sentence should be served consecutively to or concurrently with his not-yet-imposed state sentence. This case therefore raises an issue left open by our recent decision in *United States v. Pineyro,* 112 F.3d 43 (2d Cir.1997) (per curiam), a case with very similar facts. While in state custody awaiting trial for armed robbery, the *Pineyro* defendant received a 15–month federal sentence for selling a silencer. The federal court did not indicate whether its sentence should run consecutively to or concurrently with the prospective state sentence. After his conviction and sentencing on the armed robbery charge, the defendant petitioned the Bureau for *nunc pro tunc* designation of his state prison as the place of confinement for his federal sentence. In response, the Bureau instructed the defendant to seek the recommendation of the federal sentencing judge. The judge rec-

ommended against the designation, and we held on appeal that the recommendation was not appealable. *Id.* at 45. We "express[ed] no opinion," however, regarding the Bureau's "authority to make the nunc pro tunc designation" sought by the defendant. *Id.* at 46.

The Bureau disclaims such authority in this case. To the contrary, the Bureau maintains that it is powerless to make the designation defendant seeks because the federal sentencing court did not order defendant's federal sentence to run concurrently with his state sentence. In support of its position, the Bureau relies on 18 U.S.C. § 3584(a), which states in relevant part:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

The Bureau emphasizes the presumption established by the last sentence of this provision. According to the Bureau, that presumption controls this case, because defendant's state and federal sentences were imposed at different times, and the federal sentencing court did not order the sentences to run concurrently.

■ The Bureau's interpretation of this statute is incorrect. The opening sentence of § 3584(a) establishes that this statute applies where multiple terms of imprisonment are imposed on a defendant at the same time, or where a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment. The presumptions established by the last two sentences of § 3584(a) must be read in light of this limiting language at the beginning of the section. As defendant was neither subjected to multiple terms of imprisonment at the same time nor was he already subject to his

state sentence when his federal sentence was imposed, the presumption that terms of imprisonment imposed at different times run consecutively does not apply to him.

This literal reading of the statute is reinforced by common sense. The federal sentencing court would be expected to know about a sentence previously imposed. If, in these circumstances, the judge imposed a new sentence and failed to note that it should run concurrently with the previously imposed sentence, it is reasonable to infer that the intention was to have the new sentence be consecutive. That is what the statute provides. On the other hand, where the sentence in question is imposed *prior to* another sentence, the sentencing judge by definition cannot know what sentence will be imposed. (Indeed, the judge may not even know that criminal charges will be brought, or that they will result in conviction.) Accordingly, there is no basis to infer any intention as to consecutive or concurrent service from the sentencing judge's silence, which could equally well indicate either that the judge did not know another sentence would be imposed, or did not know what the future sentence would be. The judge's failure to specify concurrence in these circumstances is not reasonably interpreted as indicating an intention that the sentences be consecutive.

Although our reading of the statute is based on its plain language and common sense, we note that the legislative history of § 3584(a) confirms our interpretation. *See Clayton*, 927 F.2d at 492 (legislative history of § 3584(a) indicates that Congress contemplated only that federal sentencing be consecutive to state convictions for which the defendant was already sentenced). It is apparent from the Senate Report that the drafters of § 3584(a) were concerned with the imposition of a federal sentence on a defendant already serving either a state sentence or another federal sentence. *See* S.Rep. No. 98–225, at 126 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3309 (§ 3584(a) provides that sentences to multiple terms of imprisonment may be imposed to be served either concurrently or consecutively, when they are imposed at the same time or one term of imprisonment is imposed while the

defendant is serving another one). Indeed, the Senate Report specifically notes that § 3584(a)'s presumption that multiple terms of imprisonment imposed at different times run consecutively "changes the law that now applies to a person sentenced for a Federal offense *who is already serving a term of imprisonment for a State offense."* *Id.* at 127, 1984 U.S.C.C.A.N. at 3310 (emphasis added).

The Bureau was therefore incorrect to rely on § 3584(a) as grounds for denying defendant's request. This conclusion does not end our inquiry, however. Setting § 3584(a) aside, we must still consider whether the Bureau has authority under these circumstances to designate defendant's state prison as a place of federal confinement. By making such a designation, the Bureau would significantly affect the terms of defendant's confinement, allowing him to serve his federal and state sentences concurrently rather than consecutively.

Although an open question in this Court, the Third Circuit recognized such authority in *Barden v. Keohane*, 921 F.2d 476 (3d Cir.1990). The defendant in *Barden*, like petitioner here, received a federal sentence while in state custody awaiting trial on state charges. The state sentencing judge ordered that the state and federal sentences should be served concurrently; the federal sentencing judge apparently did not address the issue. The defendant was eventually paroled from his state sentence and turned over to federal authorities to begin serving his federal sentence. To gain credit for his time in state custody, he sought *nunc pro tunc* designation of his state prison as the place of confinement for his federal sentence. The Bureau declined to consider his request, and the district court denied his petition for habeas relief. On appeal, however, the Third Circuit held that the Bureau did have statutory authority to make the *nunc pro tunc* designation and ordered the Bureau to consider the defendant's request. *Id.* at 478. In reaching this result, the *Barden* court relied on 18 U.S.C. § 3621(b), which gives the Bureau authority to "designate the place of the prisoner's imprisonment," and specifically notes that the Bureau "may designate

any available penal or correctional facility ... whether maintained by the Federal Government *or otherwise.*" (Emphasis added.) [2]

■ We agree with the Third Circuit that § 3621(b), which grants broad discretion to the Bureau in designating a place of imprisonment, gives the Bureau authority to make the *nunc pro tunc* designation sought by petitioner. Where § 3584(a) applies, of course, the Bureau must follow the presumptions set out therein. In a case such as this, however, where § 3584(a) does not apply, the Bureau should exercise its discretion under § 3621(b) to review petitioner's request for *nunc pro tunc* designation.[3]

### III. Conclusion

Accordingly, we remand this matter to the district court, with instructions to remand the matter to the Bureau. On remand, the Bureau should promptly review petitioner's request for *nunc pro tunc* designation, and grant or deny the request in accordance with the discretion afforded the Bureau by § 3621(b). We emphasize that our ruling does not require the Bureau to grant petitioner's request for *nunc pro tunc* designation, but only to give that request full and fair consideration. In light of our disposition, we need not address petitioner's other claims, including petitioner's claim that the district court granted the Bureau excessive continuances.[4]

**2.** The *Barden* court discussed both 18 U.S.C. § 3621(b) and its predecessor, former 18 U.S.C. § 4082(b) (amended 1984), because it was not clear which statute applied in that case. Section § 4082(b) gave the Attorney General, rather than the Bureau, authority to designate a prisoner's place of confinement; in practice, however, the Attorney General delegated that authority to the Bureau. *Barden v. Keohane*, 921 F.2d 476, 481–82 (3d Cir.1991). As the *Barden* court noted, § 3621(b) was "not intended to change pre-existing law with respect to the authority of the Bureau." *Id.* at 481.

**3.** The Bureau's own Program Statement regarding designation of state institutions for concurrent service of federal and state sentences recognizes both the Bureau's authority to make this type of designation and its obligation pursuant to *Barden v. Keohane* to consider inmate requests for designation. *See* Federal Bureau of Prisons Program Statement No. 5160.03 (Sept. 29, 1994). In this matter, however, the Bureau apparently believed that 18 U.S.C. § 3584(a) prevented it from considering petitioner's request.

**4.** Petitioner's brief on appeal is primarily concerned with the Bureau's failure to properly consider his request for *nunc pro tunc* designation, an issue which we resolve in his favor. In light of our holding, we do not reach any claim by petitioner that the Bureau erred in failing to grant his request. We note, however, that any further review of the Bureau's action on remand will be limited to abuse of discretion. *See Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir.1991).