**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Martin ROCHA–LEON, Defendant–
Appellant.**

**No. 98–10498.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 1999.

Decided Aug. 25, 1999.

Atmore L. Baggot, Apache Junction, Arizona, for the defendant-appellant.

Linda C. Boone, Assistant United States Attorney, Phoenix, Arizona, for the plaintiff-appellee.

Before: REINHARDT,
O'SCANNLAIN, and W. FLETCHER,
Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We are called upon to decide what might otherwise be a self-evident proposition: whether the federal escape statute criminalizes escape from the custody of the Bureau of Prisons.

I

The facts in this case are undisputed. On April 30, 1990, Rocha–Leon was convicted in the Southern District of California of conspiracy to possess a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a) and 846. The district court sentenced Rocha–Leon to twenty-one months imprisonment followed by three years of supervised release. During his period of supervised release, Rocha–Leon was arrested and convicted in state court of importation of marijuana. Subsequently, his federal supervised release was revoked, and he was sentenced to eighteen months imprisonment.

On April 27, 1997, Rocha–Leon began serving his federal sentence for revocation of supervised release. Several months before his release date, Rocha–Leon was transferred to Behavioral Systems Southwest, a half-way house under contract to the Bureau of Prisons. On the morning of June 25, 1998, Rocha–Leon checked out of the half-way house as authorized to report to work. Rocha–Leon failed to return that evening as required. Rocha–Leon turned himself in on July 7, 1998.

A grand jury indicted Rocha–Leon for escape in violation of 18 U.S.C. § 751(a) on July 14, 1998. The indictment read as follows:

On or about June 25, 1998, in the District of Arizona, Martin Rocha–Leon a person confined to Behavioral Systems Southwest ... pursuant to the direction of the Attorney General, and to the authority delegated by the Attorney General to the Bureau of Prisons, and by virtue of conviction for an offense against the United States, that is a violation of Title 21, United States Code, Sections 841(a) and 846, Conspiracy to Possess a Controlled Substance with Intent to Distribute ... in the United States District Court for the Southern District of California, did knowingly escape from the custody of such institution.

In violation of Title 18, United States Code, Section 751(a).

Rocha–Leon filed a motion to dismiss the indictment, arguing that 18 U.S.C. § 751(a) criminalizes only escape from the custody of the Attorney General, and not from the Bureau of Prisons to whose custody Rocha–Leon was committed at the time of his escape. The district court de-

nied Rocha–Leon's motion and Rocha–Leon entered a conditional guilty plea. The district court sentenced Rocha–Leon to four months imprisonment and three years supervised release.

Rocha–Leon timely appeals.

## II

■ Rocha–Leon renews his argument that the district court should have dismissed the indictment because the statute he was charged with violating, 18 U.S.C. § 751(a), only criminalizes escape from the custody of the Attorney General when in fact he was in the custody of the Bureau of Prisons. 18 U.S.C. § 751(a) provides, in pertinent part:

Whoever escapes or attempts to escape from [ (1) ] the custody of the Attorney General or his authorized representative, or [ (2) ] from any institution or facility in which he is confined by direction of the Attorney General, or [ (3) ] from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or [ (4) ] from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both; . . . .

Prior to November 1, 1987, the Attorney General had direct custody of federal prisoners as well as the authority to designate their place of confinement pursuant to 18 U.S.C. § 4082(a) and (b)[1] and had delegated this authority to the Bureau of Prisons. *See* 28 C.F.R. § 0.96 (1987);[2] *see also Delancy v. Crabtree*, 131 F.3d 780, 784 n. 4

---

1. 18 U.S.C. § 4082 read as follows:

(a) A person convicted of an offense against the United States shall be committed, for such term of imprisonment as the court may direct, to the custody of the Attorney General of the United States, who shall designate the place of confinement where the sentence shall be served.

(b) The Attorney General may designate as a place of confinement any ... institution or

facility, whether maintained by the Federal Government or otherwise, ... and may at any time transfer a person from one place of confinement to another.

2. This regulation provided that "[t]he Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed on the Attorney General by any law relating to

(9th Cir.1997) (noting that for offenses committed before November 1, 1987, 18 U.S.C. § 4082(a) "gives the Department of Justice custody over prisoners. The Department of Justice delegated its authority to the Bureau of Prisons." (citing 28 C.F.R. § 0.96(c))).

The Sentencing Reform Act of 1984 ("SRA"), 18 U.S.C. § 3551 *et seq.*, repealed 18 U.S.C. § 4082, effective November 1, 1987, *see* 18 U.S.C. § 3551, and replaced it with 18 U.S.C. § 3621. *See Delancy,* 131 F.3d at 784; *McCarthy v. Doe,* 146 F.3d 118, 123 n. 2 (2d Cir.1998). 18 U.S.C. § 3621 provides as follows:

(a) Commitment to the custody of the Bureau of Prisons—A person who has been sentenced to a term of imprisonment pursuant to the provisions of subchapter D of chapter 227 shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed,....

(b) Place of imprisonment—The Bureau of Prisons shall designate the place of the prisoner's imprisonment.

Thus, this section indeed transferred direct custody of federal prisoners and authority to designate their place of confinement from the Attorney General to the Bureau of Prisons.

Nevertheless, Rocha–Leon's argument that his conduct was not criminal under section 751(a) is utterly meritless. Despite the statutory amendments transferring direct custody of federal prisoners from the Attorney General to the Bureau of Prisons, ultimate responsibility for federal prisoners remains with the Attorney General. The director of the Bureau of Prisons is appointed by the Attorney General and is subject to her direction. *See* 18

U.S.C. § 4041; *see also United States v. Wilson,* 503 U.S. 329, 331, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) ("The Attorney General, through the Bureau of Prisons (BOP), has responsibility for imprisoning federal offenders."). We are satisfied that federal prisoners are still within the "custody" of the Attorney General for purposes of section 751(a), albeit indirectly. Similarly, although the Bureau of Prisons designates a prisoner's place of confinement, the Attorney General is ultimately responsible for its decision because the Director of the Bureau of Prisons acts at the Attorney General's direction. Accordingly, Rocha–Leon violated the first and second prongs of the escape statute—he was both in the "custody" of the Attorney General and confined to a facility at the Attorney General's direction.[3]

Lest there be any remaining doubt as to Rocha–Leon's violation of section 751(a), the third prong of section 751(a) erases it. Section 751(a) criminalizes escape "from *any* custody under and by virtue of *any* process issued under the laws of the United States by *any* court, judge, or commissioner." 18 U.S.C. § 751(a) (emphasis added). Rocha–Leon was in federal custody by virtue of a United States District Court's revocation of his probation. Thus he was in custody pursuant to "process issued under the laws of the United States" by "[a] court, [or] judge." Accordingly, the district court's denial of Rocha–Leon's motion to dismiss the indictment is

AFFIRMED.

---

the commitment, control, or treatment of persons ... charged with or convicted of offenses against the United States,...."

**3.** Moreover, Rocha–Leon's interpretation of the escape statute as not criminalizing escape from the custody of the Bureau of Prisons is absurd. Because all federal prisoners are now in the direct custody of the Bureau of Prisons, under Rocha–Leon's interpretation of

section 751(a), no federal prisoner could be convicted of escape. *See United States v. Alfeche,* 942 F.2d 697, 698–99 (9th Cir.1991) (interpretation that "is consistent with the language of the statute and avoids absurd results" is preferred when "nothing in the language or history" of the statute "suggest[s] Congress intended the absurd results possible under [the other proposed] construction").