Troy **JENKINS**, Petitioner,

v.

The **UNITED STATES** of America, Respondent.

No. 07–CV–2454 (JBW).

United States District Court, E.D. New York.

Oct. 2, 2007.

Sanford Talkin, Talkin, Muccigrosso & Roberts LLP, New York, NY, for Petitioner.

Adam Michael Abensohn, United States Attorneys Office, Brooklyn, NY, for Respondent.

## MEMORANDUM AND ORDER

JACK B. WEINSTEIN, Senior District Judge.

### I. Procedural History and Facts

Petitioner Troy Jenkins moves pursuant to 28 U.S.C. § 2255 for an amended judgment directing that his federal and state terms of incarceration run concurrently. The power to accomplish this result lies with the Bureau of Prisons ("BOP"). It is, however, appropriate for the sentencing court to recommend to the BOP simultaneous service of state and federal sentences in one institution. The court makes that recommendation.

On July 15, 2005, Jenkins pled guilty to federal bank fraud. *See* 18 U.S.C. § 1344; Transcript of Guilty Plea dated July 15, 2005 ("Guilty Plea Tr.") at 18. At his sentence, he demonstrated that consecutive service of two long sentences—state and federal—was undesirable. Jenkins had assisted his father with a landscaping business in Buford, South Carolina. *See* Transcript of Sentencing Hearing dated Dec. 8, 2005 ("Senten. Hr'g Tr.") at 9. He also helped his elderly grandmother. *Id.* at 12. Jenkins has a bright future. After his release from prison, he plans to return to South Carolina and take over the family business. *Id.* at 10.

After considering all the elements of 18 U.S.C. § 3553(a), the court sentenced Jenkins to the guideline minimum of 27–months imprisonment, three years supervised release, and a $100 special assessment. *Id.* at 7, 13–14. He had insufficient assets to support a fine. *Id.* at 7.

At the time sentence was imposed, Jenkins was in New Jersey state custody awaiting disposition of state fraud charges. *Id.* at 11. He had learned about the New Jersey warrant for his arrest when it was included in his presentence report, and then had voluntarily surrendered to the state. *Id.* at 11–12. Jenkins had been produced before the federal court by a writ of *habeas corpus ad prosequendum*. *See* Letter Responding to Jenkins's Petition by United States Attorney's Office dated Sept. 12, 2007 ("U.S. Atty's Letter").

Jenkins requested that his federal sentence run concurrently with any sentence that might be imposed in the pending New Jersey state case. Senten. Hr'g Tr. at 11. The request was denied because the federal court lacked knowledge of what the state's ultimate sentence, if any, would be. *Id.*

Four months after his federal sentence was imposed, on March 10, 2006, Jenkins pled guilty to the state charges. He was sentenced by New Jersey to a three-year term of imprisonment to run concurrently with his federal sentence. U.S. Atty's Letter.

Despite the judgment of the New Jersey state court that Jenkins's three-year state sentence was to be concurrent with his federal sentence, the BOP lodged two detainers against him: one on December 23, 2005, and the other on January 25, 2006. *See* Declaration in Support of Jenkins's Motion ("Jenkins Decl.") at ¶ 10. The BOP sought Jenkins's custody after he finishes his state sentence so that he can then begin serving his federal sentence. *Id.* As a result, Jenkins's federal sentence will run consecutively with his state sentence.

On April 4, 2006, this court received a letter dated March 30, 2006 from Jenkins seeking "clarification" of the terms of his imprisonments. *See* Entry No. 74 on the Docket Sheet for 05–CR–152. Advice of Jenkins's counsel and the United States Attorney's office was sought by the court. *See* Order dated April 4. Jenkins was ordered to file a formal motion or to initiate a new civil proceeding for modification or clarification of his federal sentence. *See* Order dated Dec. 28, 2006. He was assigned counsel and initiated the current proceedings on June 19, 2007.

Jenkins's counsel has been informed by the BOP that it relies on the judgment of conviction from the United States District Court in determining whether a federal sentence runs concurrently or consecutively with any state sentences. *See* Jenkins Decl. at ¶ 11. Where a federal judgment of conviction is silent, the BOP interprets the federal sentence to run consecutively. *Id.* The BOP requires an "amended judgment of conviction" reflecting concurrent state and federal sentences in order to give Jenkins federal

credit for time spent in state custody. *Id.* at ¶¶ 12–13.

The United States Attorney's office has been advised that the BOP will "consider" crediting Jenkins's time in state custody towards his federal sentence upon a recommendation from this court, effectively causing both sentences to run concurrently. *See* U.S. Atty's Letter. The United States Attorney's office has no objection to such a recommendation. *Id.*

## II. Law

### A. Subject Matter Jurisdiction

Section 2255 of Title 28 United States Code, the provision upon which this petition is based, provides three grounds for relief:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that [1] the sentence was imposed in violation of the Constitution or laws of the United States, ... or [2] that the sentence was in excess of the maximum authorized by law, or [3] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

It is not clear that section 2255 is the appropriate provision for Jenkins. None of the explicit grounds for section 2255 relief cover his needs.

In *Abdul–Malik v. Hawk–Sawyer*, a case similar to this one, the petitioner filed his petitioner under 28 U.S.C. § 2241. 403 F.3d 72 (2d Cir.2005). Section 2241(c)(3) extends habeas corpus to a person in "custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. The Court of Appeals for the Second Circuit dismissed the petition on the merits without discussing subject matter jurisdiction. *Id.*

A prisoner seeking relief similar to that sought by Jenkins in *McCarthy v. Doe* filed a petition under 28 U.S.C. § 2254, the federal habeas statute used by prisoners in state custody. 146 F.3d 118, 120 n. 1 (2d Cir. 1998). Section 2254 is similar to section 2255, the statute used by prisoners in federal custody. The district court held that "such a claim was properly considered on a motion to vacate, modify, or correct a sentence pursuant to 28 U.S.C. § 2255, and denied the request." *Id.* at 120. On appeal, the petitioner contended that "the district court erred by converting his habeas petition to a motion to correct or modify his sentence pursuant to 28 U.S.C. § 2255." *Id.* The Court of Appeals for the Second Circuit noted the district court's "expressed understandable confusion as to whether petitioner sought review of the Bureau's denial of his request, or sought modification of his federal sentence to state that it should be served concurrently with any future state sentence." *Id.* at 120 n. 1. Without ruling on the issue, the appellate court declared that it "did not agree with petitioner that the district court 'converted' his habeas petition to a § 2255 motion," but denied petitioner's request for modification of his sentence "on the grounds that such relief should be sought in a § 2255 motion." *Id. But see United States v. Tubwell,* 37 F.3d 175, 177 (5th Cir.1994) (federal prisoner's claim that federal authorities were obliged to take immediate custody of prisoner upon completion of state prison sentence "is more properly construed as a petition for habeas corpus pursuant to 28 U.S.C. § 2241 because he is challenging the manner in which his sentence is being executed rather than the validity of his conviction and sentence"); *Dunne v. Keohane,* 14 F.3d 335, 337 (7th Cir.1994) (a 28 U.S.C. § 2241 petition is proper when a federal prisoner challenges successive transfers between federal and state facilities); *Romandine v. United States,* 206 F.3d 731, 736 (7th Cir.2000) ("Requests for sentence credit, or for recalculation of time yet to serve, do not come under § 2255. They must be presented to the Attorney General (or her delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241 ...").

Courts should "look beyond forms and inquire into the very substance of the matter." *Frank v. Mangum,* 237 U.S. 309, 331, 35 S.Ct. 582, 59 L.Ed. 969 (1915). Yet, a more precise directive from the Court of Appeals as to which statute a petitioner with a Jenkins claims should utilize would be helpful. For the purposes of this case, Jenkins's peti-

tion is assumed to be properly filed under both section 2255 and section 2241.

## B. Power to Amend Judgment

Modification of an imposed term of imprisonment by a federal court is regulated by 18 U.S.C. § 3582(c). Under section 3582(c), a court may modify a term of imprisonment in the following circumstances: (1) upon motion by the Director of the Bureau of Prisons satisfying a number of prerequisites; (2) to the extent permitted by Rule 35 of the Federal Rules of Criminal Procedure; or (3) in case of a defendant "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c). Under Rule 35 of the Federal Rules of Criminal Procedure, a court may: (1) "correct a sentence that resulted from arithmetical, technical, or other clear error" within seven days of sentencing; or (2) reduce a sentence upon a motion made by the government satisfying a number of prerequisites. *See* Fed.R.Crim.P. 35. The circumstances here do not bring this matter within the narrow class of cases in which the court is authorized to amend its judgment of conviction for purposes of modifying a sentence.

Jenkins's predicament is one faced by other prisoners under similar circumstances. *See, e.g., Rogers v. United States,* 180 F.3d 349, 351–52 (1st Cir.1999) (seeking to have federal and subsequently imposed state sentence run concurrently when the federal court was silent on the issue and the state court intended concurrency); *McCarthy v. Doe,* 146 F.3d 118 (2d Cir.1998) (same); *Barden v. Keohane,* 921 F.2d 476 (3d Cir.1990) (same); *Romandine v. United States,* 206 F.3d 731 (7th Cir.2000) (same); *Abdul–Malik v. Hawk–Sawyer,* 403 F.3d 72 (2d Cir.2005) (same); *United States v. Crespo,* No. 00–CR–357 (SHS), 2007 WL 844739 (S.D.N.Y. Mar.19, 2007) (same).

Apparently, the BOP is under the impression that it must deny relief because of a provision that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). *See Abdul–Malik,* 403 F.3d at 75

(citing *McCarthy,* 146 F.3d at 121–22); Henry J. Sadowski, Regional Counsel, Northeast Region, Federal Bureau of Prisons, *Interaction of Federal and State Sentences When the Federal Defendant is Under State Primary Jurisdiction,* 3 n. 15, Oct. 11, 2006, http://www.bop.gov/news/ifss.pdf ("This presumption is drawn from 18 U.S.C. § 3584(a) which generally requires consecutive service of sentence imposed at different times unless the court specifies concurrent service."). This narrow view of its power by the BOP seems to have been rejected by the Court of Appeals for the Second Circuit. The court held that the BOP's reliance on § 3584(a) to deny effective concurrency is inappropriate in instances in which the federal sentence is imposed first, as it was in Jenkins's case. *McCarthy,* 146 F.3d at 121–22. In *McCarthy,* the court explained that "there is no basis [for the BOP] to infer any intention as to consecutive or concurrent service from the sentencing judge's silence, which could equally well indicate either that the judge did not know another [state] sentence would be imposed, or did not know what the future sentence would be." *Id.* at 122. *Abdul–Malik* approved the ruling in *McCarthy,* noting that it's "reading [of 18 U.S.C. § 3584(a)] is encouraged by the legislative history of the statute and by the fact that where a defendant is awaiting a state sentence, the absence of any specification by the federal court as to whether its sentence should run concurrently or consecutively does not signify intent that the sentences run consecutively...." *Abdul–Malik,* 403 F.3d at 75.

A state court's specification that the state sentence run concurrently with the existing federal sentence is not binding on federal authorities. *Id.; McCarthy,* 146 F.3d at 120–21 ("[A]lthough petitioner emphasizes the state court's designation of its sentence to run concurrently with petitioner's federal sentence, we note that the state court's intent is not binding on federal authorities.") (citations omitted). The BOP apparently continues to assume, as is apparent from Jenkins's case, that a subsequently imposed state sentence (which the state judge intended to run concurrently with the federal sentence) runs consecutively with the existing

federal sentence in absence of a ruling by the federal sentencing court.

Prisoners sentenced by both federal and state courts for related offenses are understandably perplexed about the terms of their incarceration, and how to correct them. According to the BOP's Program Statement, the "authority to designate a state institution for concurrent services of a federal sentence is delegated to Regional Directors," and such a designation "will be made only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." BOP Program Statement 5160.05(8); 28 C.F.R. § 0.96(c) (delegating to the BOP the authority to designate "places of imprisonment or confinement where the sentences of prisoners shall be served....").
Even though its Regional Directors have unrestricted authority to designate a state institution for concurrent services of federal sentence, the BOP declines to claim this power. *See Abdul–Malik*, 403 F.3d at 76 ("And though the BOP exercises the authority, it carefully declines to claim it."). Nevertheless, the Court of Appeals for the Second Circuit has held that "the Bureau does have authority to grant petitioner's request for *nunc pro tunc* designation [to receive credit towards his federal sentence for time spent in state custody], and petitioner is entitled to full review of that request." *McCarthy*, 146 F.3d at 120.

### III. Recommendation by the Court

This court "recommends" to the BOP that it grant Jenkins's application to designate his state correction facility *nunc pro tunc* as a federal prison and credit time served in state custody to his federal sentence. Based on Jenkins's background, his criminal history and other factors, consecutive sentences would exceed a fair and appropriate sentence under 18 U.S.C. § 3553(a). Concurrency is appropriate and is in the public interest.

The BOP shall promptly give full and fair consideration to Jenkins's request and this court's recommendation in accordance with the discretion afforded to it by 18 U.S.C. § 3584(a) or 18 U.S.C. § 3621(b). *See* 18 U.S.C. § 3621(b) ("The [ ] BOP shall designate the place of the prisoner's imprison-

ment. The Bureau may designate any available penal or correctional facility ... that the Bureau determines to be appropriate and suitable, considering ... [among other things,] any statement by the court that imposed the sentence...."). Requiring consecutive sentences when the state court specifically called for concurrent sentences and this court intends that the sentences be concurrent would, on the present record, not be in the interests of justice.

The court uses the word "recommends" because there is a disagreement among the circuits on the question of whether a federal court has the authority to order a federal sentence to run concurrently with a state sentence when the latter has not yet been imposed. *See Romandine v. United States*, 206 F.3d 731, 738 (7th Cir.2000) (holding federal court lacks authority); *United States v. Quintero*, 157 F.3d 1038, 1039 (6th Cir. 1998) (holding federal court lacks authority); *United States v. Williams*, 46 F.3d 57, 59 (10th Cir.1995) (holding federal court has authority); *United States v. Ballard*, 6 F.3d 1502, 1510 (11th Cir.1993) (holding federal court has authority); *United States v. Brown*, 920 F.2d 1212, 1217 (5th Cir.1991) (holding federal court has authority). The Court of Appeals for the Second Circuit has not ruled on the matter. *See Abdul–Malik*, 403 F.3d at 75 n. 1. ("This Circuit has not decided whether a federal court has this authority under 18 U.S.C. § 3584(a)...."). *Also see Crespo*, 2007 WL 844739, at *2 (using "recommends" advisedly because of the "circuit split on whether a federal court has the authority to order concurrency when the state sentence has not yet been imposed"). Because the BOP "usually follows a concurrent recommendation from the sentencing judge, the issue of the authority of a federal judge to order concurrent service is rarely tested." Sadowski, *supra* p. 6, at 3.

### III. Conclusion

Jenkins's petition for a change in his federal sentence is denied, but not on the merits. The court recommends that the BOP designate his state correction facility *nunc pro tunc* as a federal prison and credit time served in state custody to his federal sen-

tence. Should the BOP not give Jenkins's application full and fair consideration, he may file a petition pursuant to 28 U.S.C. § 2241.

SO ORDERED.