07-0635-cr
United States v. Donoso

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2007

(Submitted: March 27, 2008                           Decided: April 3, 2008)

Docket No. 07-0635-cr

UNITED STATES OF AMERICA,

*Appellee,*

*-v.-*

RICHARD DONOSO,

*Defendant-Appellant.*

BEFORE:         McLAUGHLIN and HALL, *Circuit Judges*, and SAND, *District Judge.**

Appeal from the judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge.*) re-sentencing Defendant-Appellant, after vacating a previously imposed sentence, to a 24-month term of imprisonment for violating the conditions of his supervised release. The district court relied on Rule 35(a) of the Federal Rules of Criminal Procedure to recall Defendant-Appellant's case, vacate the sentence it had previously imposed on Defendant-Appellant, and re-sentence him. Because we hold that, under 18 U.S.C. § 3584(a), the district court committed error when, at the first sentencing hearing, it directed that Defendant-Appellant's federal sentence run consecutively to a not-yet-imposed state sentence, we also hold

---

* The Honorable Leonard B. Sand, United States District Judge for the Southern District of New York, sitting by designation.

that the district court did not abuse its discretion in relying on Rule 35(a) to correct that error by vacating the first sentence and re-sentencing Donoso. We affirm.

_____

JOHN S. WALLENSTEIN, Parson & Wallenstein, Mineola, NY, *for Defendant-Appellant*.

ROSLYNN R. MAUSKOPF, United States Attorney, Eastern District of New York, (Susan Corkery, Allen Bode, Assistant United States Attorneys, *on the brief*), Brooklyn, N.Y., *for Appellee.*

_____

PER CURIAM:

Richard Donoso appeals from the judgment of the district court re-sentencing him, after vacating a previously imposed sentence, to a 24-month term of imprisonment for violating the conditions of his supervised release. On appeal, Donoso argues that, because the first sentence imposed by the district court was not the product of error, the district court improperly relied on Rule 35(a) of the Federal Rules of Criminal Procedure to recall his case, vacate his sentence, and re-sentence him. Donoso also argues that the district court lacked the authority, at the time of the first sentencing hearing, to direct that his federal sentence run consecutively to a then not-yet-imposed sentence on pending state charges. We agree that under 18 U.S.C. § 3584(a) the district court was not authorized at the first sentencing hearing to direct that Donoso's federal sentence run consecutively to a not-yet-imposed state sentence. We also hold, however, that the district court did not abuse its discretion in relying on Rule 35(a) to correct that error by vacating the first sentence and re-sentencing Donoso.

# I.  Background

In February 2000, Donoso pled guilty in district court to one count of conspiracy to distribute narcotics.  In April 2000, the district court sentenced Donoso to a 57-month term of imprisonment, followed by a three-year term of supervised release.  In September  2006, when Donoso was on supervised release, the Probation Department filed a violation charge alleging, *inter alia*, that Donoso had violated the terms of that release by committing a state crime.  The charge alleged that earlier in September 2006 Donoso had been arrested and charged in Bronx County with various narcotics offenses.

In January 2007, Donoso, who had since pleaded guilty in Bronx County Supreme Court to criminal possession of a controlled substance but had not yet been sentenced on that count, appeared before the district court and pled guilty to the charge.  On January 16, 2007, the district court conducted a sentencing hearing on the charge, and sentenced Donoso to a 24-month term of imprisonment.  The district court further ordered that "this sentence be consecutive to the state sentence, for this charged violation of supervised release is a separate and discrete offense from the charge in state court."

The next day Donoso was sentenced by the state court.  Thereafter, the district court, *sua sponte*, recalled the case, and, on January 23, 2007, conducted a hearing during which the court told the parties that it was not "sure . . . whether [it] could sentence someone to consecutive time to a sentence that had not yet been rendered."  Thus, "[i]n order to make sure that [its] intention [was] carried out," the district court, relying on Fed. R. Crim. P. 35(a), vacated Donoso's previous sentence and noted that it intended to re-sentence him to a term of imprisonment to run consecutively to the state sentence.  Donoso's counsel objected to the resentencing.  The district

3

court rejected counsel's arguments and again imposed a 24-month term of imprisonment, directing that the sentence run consecutively to Donoso's state court sentence.

This appeal followed.

## II. Discussion

### A.      Standard of Review

A district court's decision to correct a sentence pursuant to Rule 35(a) is subject to review for abuse of discretion. *See United States v. Slutsky*, 514 F.2d 1222, 1226 (2d Cir. 1975).

### B.      Fed. R. Crim. P. 35(a)

Rule 35(a) provides that, "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." This Court has noted that "[t]he rule . . . [']is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action . . . .[']" *United States v. Abreu-Cabrera*, 64 F.3d 67, 72 (2d Cir. 1995) (addressing the issue in the context of a prior version of Rule 35, in which the language contained in current subsection (a) was contained in subsection (c)) (quoting Fed. R. Crim. P. 35, 1991 advisory committee's note). Accordingly, in this case, if the error corrected by the district court in re-sentencing Donoso was "clear error," in that it "would almost certainly [have] resulted in a remand of the case to the trial court," the district court's reliance on Rule 35(a) to vacate and then reimpose Donoso's sentence was not an abuse of discretion.

On appeal, Donoso argues that the first sentence did not result from "clear error" because it was "perfectly clear and unambiguous" and because, at the time of the first sentence, the

4

district court was aware that Donoso had not yet been sentenced in state court. While these arguments support the conclusion that the district court's sentence was not the product of arithmetical or technical error, they do not demonstrate that it was not product of "clear error." Further, it is possible that a district court's sentence can be "perfectly clear and unambiguous" and imposed with a full knowledge of the facts of the case, and still contain an "obvious error or mistake," that would likely result in remand for further action, such as a sentence imposing two terms of imprisonment for the same offense or imposing terms of imprisonment for counts that were previously dismissed. Accordingly, we do not find Donoso's argument on this point to be persuasive.

The Government argues that the first sentence imposed in this case was not the result of "clear error" because the district court was within its authority in directing that Donoso's federal sentence run consecutively to the state sentence. As discussed below, however, we have determined that under 18 U.S.C. § 3584(a), the district court was not authorized to direct that the federal sentence run consecutively to Donoso's state sentence when Donoso had not yet been sentenced in state court, and, thus, the district court committed error in imposing Donoso's first sentence.

## C.    Consecutive Sentences under 18 U.S.C. § 3584(a)

A district court's authority to impose concurrent or consecutive terms of imprisonment is governed by 18 U.S.C. § 3584. That statute provides, in relevant part:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the

5

same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a).

This Court has not determined whether, under § 3584(a), a district court may direct that a defendant's federal sentence run consecutively to a state sentence that has not yet been imposed by the state court.[2] Other courts of appeals are divided on the question. Those that have held that the statute does not permit the consecutive sentence at issue in this case primarily rely on the two conditions found in the statute's first sentence to determine that § 3584(a) "allows the district court judge to specify the sequence of service only when sentences are imposed at the same time, or the other sentence is an 'undischarged term of imprisonment' to which the defendant is 'already subject.'" *Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2000); *see also United States v. Smith*, 472 F.3d 222, 225-26 (4th Cir. 2006); *United States v. Quintero*, 157 F.3d 1038, 1040 (6th Cir. 1998); *United States v. Clayton*, 927 F.2d 491, 492 (9th Cir. 1991) (noting also that the legislative history of § 3584(a) "indicates that Congress did not vest federal courts with the authority to impose a federal sentence to run consecutive to a state sentence that has not yet been imposed"). According to these courts, when, at the time of a defendant's

---

[2] In *Salley v. United States*, 786 F.2d 546, 547 (2d Cir. 1986), this Court noted that "[t]he right of federal judges to impose such a sentence has been recognized for many years," and determined that, "the right may be exercised regardless of whether the state sentence has as yet been imposed." However, this Court decided *Salley* prior to the effective date of the Comprehensive Crime Control Act of 1984, which enacted § 3584(a), the statute at issue in this case. *Id*. at 550 (Newman, J., concurring) (noting that, after effective date of the Comprehensive Crime Control Act, § 3584 "appears to make clear that a consecutive sentence may be imposed only simultaneously with another sentence or upon a defendant 'who is *already* subject to an undischarged term of imprisonment'") (italics in original).

6

sentencing in federal court, that defendant has not been sentenced by the state court, he is not yet subject to an undischarged term of imprisonment, and "a court cannot impose its sentence consecutively to a sentence that does not yet exist." *Smith*, 472 F.3d at 226.

Those courts that have held that § 3584(a) does permit the sort of consecutive sentence first imposed here point to the final sentence of the statute, which provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." *See United States v. Williams*, 46 F.3d 57, 59 (10th Cir. 1995). According to these courts, "[t]he plain meaning of this provision is that multiple terms of imprisonment imposed at different times will normally run consecutively, unless the district court affirmatively orders that the terms be served concurrently." *Id*; *see also United States v. Mayotte*, 249 F.3d 797,799 (8th Cir. 2001) (*per curiam*) (noting that nothing in § 3584(a) prohibits a district court from imposing a sentence consecutive to a yet-to-be-imposed state sentence, and that the statute "encourages consecutive sentences when prison terms are imposed at different times"); *United States v. Ballard*, 6 F.3d 1502, 1506 (11th Cir. 1993) ("The statute and the analogous Sentencing Guidelines evince a preference for consecutive sentences when imprisonment terms are imposed at different times."); *United States v. Brown*, 920 F.2d 1212, 1216 (5th Cir. 1991) (*per curiam*).

This Court, in a slightly different context, has rejected the interpretation of the final line of § 3584(a) espoused by those courts that have determined that the statute permits the imposition of a federal sentence consecutive to a not-yet-imposed state sentence. *See McCarthy v. Doe*, 146 F.3d 118, 121-22 (2d Cir. 1998). In that case, the petitioner, a state prison inmate who had been sentenced to a term of imprisonment by a federal district court before the state

7

court had imposed a state sentence on unrelated pending charges, requested that the Bureau of Prisons ("BOP") *nunc pro tunc* designate the state facility in which he was incarcerated as a federal prison, thus allowing him to serve his state and federal sentences concurrently. *Id*. at 119-20. The BOP denied the request, noting that, because the district court judge had been silent as to whether the inmate's federal sentence was to run consecutively to or concurrently with the state sentence, the final line of § 3584(a) required that the inmate's sentences run consecutively to one another. *Id*. at 120.

The inmate filed a petition for writ of habeas corpus and on appeal from the district court's denial of the petition this Court concluded that the BOP had incorrectly interpreted the statute to create a presumption that, absent some affirmative direction from the district court, the two terms would run consecutively to one another:

> The opening sentence of § 3584(a) establishes that this statute applies where multiple terms of imprisonment are imposed on a defendant at the same time, or where a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment. The presumptions established by the last two sentences of § 3584(a) must be read in light of this limiting language at the beginning of the section. As defendant was neither subjected to multiple terms of imprisonment at the same time nor was he already subject to his state sentence when his federal sentence was imposed, the presumption that terms of imprisonment imposed at different times run consecutively does not apply to him.

*Id*. at 121-22. This Court noted that its interpretation of the statute, "based on its plain language and common sense," was also confirmed by the legislative history of § 3584(a), which demonstrated that "the drafters of § 3584(a) were concerned with the imposition of a federal sentence on a defendant already serving either a state sentence or another federal sentence." *Id*. at 122 (citing S. Rep. No. 98-225, at 126 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3309).

8

The question presented to this Court in *McCarthy*–whether the BOP improperly determined that, where the district court was silent as to the order of the sentences, § 3584(a) created a presumption in favor of consecutive sentences–is different from the question presented by this case, where, at the first sentencing hearing, the district court explicitly directed that the defendant would serve consecutive sentence. *See Id.* at 121 ("[T]his case does not raise the issue of a sentencing court's authority to designate a federal sentence to run consecutively to a not-yet-imposed state sentence."). The reasons underlying this Court's interpretation of § 3584(a) in *McCarthy*, however, as well as the reasoning of the courts that would not allow the imposition of the original sentence in this case, apply with equal force to the facts before us. Those rationales compel the conclusion that § 3584(a) does not authorize a district court to direct that a defendant's federal sentence run consecutively to a not-yet-imposed state sentence. The plain language of the first line of § 3584(a) clearly enumerates the two instances to which the statute applies: (1) where multiple terms of imprisonment are imposed at the same time; and (2) where a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment. The legislative history of the statute demonstrates, moreover, that in enacting § 3584(a) Congress was concerned with the imposition of a federal sentence on a defendant who was already serving either a federal or state sentence. *See Id*. at 122.

In this case, at the first sentencing hearing conducted by the district court, because the state court had not yet imposed any prison term on the then-pending state charge and would not do so until the next day, Donoso was neither sentenced to multiple terms of imprisonment, nor was he subject to an undischarged term of imprisonment. Accordingly, at the time of the first sentencing hearing, § 3584(a) did not apply to Donoso, and the district court did not have the

9

authority to direct that Donoso's federal sentence run consecutively to his state sentence. Thus, the district court erred in imposing Donoso's first sentence in the form that it did. Further, because, on appeal from that first sentence, this Court would "almost certainly" have remanded the case for further action correcting the sentence, Donoso's first sentence was the result of "clear error." *See Abreu-Cabrera*, 64 F.3d at 72. The district court properly relied on Rule 35(a) to recall Donoso's case and to correct that sentence.

### III. Conclusion

For the foregoing reasons, we affirm the judgment of the district court.