09-1848-pr
Jennings v. Schult

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17ᵗʰ day of May, two thousand ten.

PRESENT: DENNIS JACOBS,
                              **Chief Judge**,
          RALPH K. WINTER,
          JOHN M. WALKER, JR.,
                              **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
**Wayne Jennings,**
          **Petitioner-Appellant**,

          -v.-                                    09-1848-pr

**Deborah Schult, Warden,**
          **Respondent-Appellee**.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Wayne Jennings, pro se, Ray Brook, NY.

FOR APPELLEE:           Elizabeth S. Riker (Charles E. Roberts, of counsel), Assistant United States Attorneys, for Andrew T. Baxter, United States Attorney

for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Singleton, J.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant appeals from the district court's denial of his petition, filed pursuant to 28 U.S.C. § 2241, arguing that the Bureau of Prisons had abused its discretion in denying his request for nunc pro tunc designation of the state prison for service of his federal sentence pursuant to 18 U.S.C. § 3621(b). We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

This Court reviews the district court's denial of a petition filed pursuant to 28 U.S.C. § 2241 de novo, see Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996), and no certificate of appealability is necessary for such an appeal, see Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003). The Bureau of Prisons's decision regarding nunc pro tunc designation is reviewed for abuse of discretion. See McCarthy v. Doe, 146 F.3d 118, 123 n.4 (2d Cir. 1998). This Court may affirm on any basis supported by the record, including grounds not relied upon by the district court. See Ferran v. Town of Nassau, 471 F.3d 363, 365 (2d Cir. 2006) (citing Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 63 (2d Cir. 1997)).

Pursuant to 18 U.S.C. § 3584(a):

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively

2

unless the court orders that the terms are to run concurrently.

If a defendant held in state custody is produced for federal sentencing pursuant to writ and sentenced, and the state court later imposes a sentence which it orders to run concurrently with the federal sentence, the defendant may request that the BOP designate, nunc pro tunc, the state facility as a federal prison, pursuant to 18 U.S.C. § 3621(b). See Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 74 (2d Cir. 2005); McCarthy v. Doe, 146 F.3d 118, 123 n.4 (2d Cir. 1998). However, the BOP lacks that authority when the federal sentencing court imposes sentence after the state and fails to note whether a sentence should be consecutive or concurrent. See Abdul-Malik, 403 F.3d at 74; McCarthy, 146 F.3d 118 (discussing legislative history). Accordingly, because Appellant was subject to an undischarged state term of imprisonment at the time the federal court resentenced him, and because the federal court did not direct that its sentence should run concurrently, the statute required that the sentence run consecutively, and the Bureau of Prisons was without authority to direct otherwise. See 18 U.S.C. § 3584(a); Abdul-Malik, 403 F.3d at 74. Accordingly, there was no abuse of discretion in denying Appellant's request for nunc pro tunc designation. See id.

We have considered Appellant's remaining arguments and conclude that they are either improperly raised in a petition pursuant to 28 U.S.C. § 2241 or without merit, or both. Accordingly, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3