*Evans v. Larkin*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand fifteen.

PRESENT:

> CHESTER J. STRAUB,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

WILLIAM ANTHONY EVANS,

> *Petitioner-Appellant,*

v.                                                                                    14-1688

ROLAND LARKIN, Superintendent of Eastern Correctional Facility, RAYMOND A. TIERNEY,

> *Respondents-Appellees.*

_____

FOR PETITIONER-APPELLANT: William Anthony Evans, *pro se*, Napanoch, NY.

FOR RESPONDENTS-APPELLEES: Raymond A. Tierney, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, *on the brief*), *for* Kelly T. Currie, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant William Anthony Evans, proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2241 petition. He argues that the Bureau of Prisons ("BOP") abused its discretion in denying his request for *nunc pro tunc* designation of his state correctional facility for service of his future federal sentence pursuant to 18 U.S.C. § 3621. We assume the parties' familiarity with

the underlying facts, the procedural history of the case, and the issues on appeal.[1]

"A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Section 2241 may be used to challenge the computation of a sentence by prison officials. *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001).

A federal sentencing court has authority under 18 U.S.C. § 3584(a) to impose a sentence that is consecutive to or concurrent with a yet-to-be-imposed state sentence. *Setser v. United States*, 132 S. Ct. 1463 (2012). Here, however, the district court did not make such a determination: it only ordered that Evans serve his federal sentence consecutive to any sentence he was already serving, not to his future sentences for state robbery convictions in Queens and Nassau Counties.

We have held that when a federal sentence is imposed before a state sentence, and the federal court is silent as to whether those sentences should be

---

[1] We review the district court's denial of a petition filed pursuant to 28 U.S.C. § 2241 *de novo*. *Sash v. Zenk*, 428 F.3d 132, 134 (2d Cir. 2005). We liberally construe Evans's *pro se* brief. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (per curiam).

concurrent or consecutive, the presumption in § 3584(a) that those sentences must run consecutively does not apply.  *McCarthy v. Doe*, 146 F.3d 118, 121–23 (2d Cir. 1998).[2]  In such cases, the BOP may designate a prisoner's state prison as a place of federal confinement under 18 U.S.C. § 3621(b).  *Id.*

We review the BOP's determination whether to designate a state facility for service of a federal sentence under § 3621(b) for an abuse of discretion.  *Id.* at 123 n.4.  "The decision . . . 'is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy.'"  *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 76 (2d Cir. 2005) (quoting *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002)).  The BOP must give "full and fair consideration" to a prisoner's request for such designation.  *Id.*  It considers the following:

> (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence - - (A) concerning the purposes for which the sentence to imprisonment

---

[2] The BOP in this case did not make the *nunc pro tunc* designation that would have had the effect of ordering Evans's federal sentence to run concurrently with his later-imposed state sentences.  Moreover, the parties did not raise on appeal whether *Setser* abrogated this Court's holding in *McCarthy v. Doe*, 146 F.3d 118 (2d Cir. 1998), that the BOP may make *nunc pro tunc* designations in the circumstances here.  Accordingly, we need not reach this latter issue.

4

was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

The BOP did not abuse its discretion. Its decision reflects that it considered the relevant factors, including "the nature and circumstances of the offense"; "the history and characteristics of the prisoner"; and "any statement by the court that imposed the sentence." *Id.* The BOP thus reasonably relied on factors such as that (1) Evans's federal offense was for robbery of a U.S. Postal Service employee in the first, second, and third degrees; (2) he had prior convictions for robbery (two counts) and criminal mischief; and (3) his federal judgment did not direct his sentences to run concurrently or consecutively to the future state sentences. And, the federal sentencing court declined to take a position on the issue. Accordingly, the BOP's denial of a retroactive concurrent designation was not an abuse of discretion.

We have considered all of Evans's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk