**UNITED STATES of America,**
**Appellee,**

v.

**Stephen ROSEN, Defendant–Appellant.**

**No. 07–5118–CR.**

United States Court of Appeals,
Second Circuit.

Oct. 20, 2008.

Melinda Sarafa (Vivian Shevitz, South Salem, New York, on the brief), New York, NY, for Appellant.

Burton T. Ryan, Jr., Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: CHESTER J. STRAUB, REENA RAGGI and JANE R. ROTH,[1] Circuit Judges.

### SUMMARY ORDER

Defendant Stephen Rosen, who pleaded guilty to conspiracy to commit money laundering, see 18 U.S.C. § 1956(a)(2), (h), appeals those parts of his sentence requiring him to serve 48 months' imprisonment and

---

1. The Honorable Jane R. Roth, of the United States Court of Appeals for the Third Circuit, sitting by designation.

to pay a $150,000 fine. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Procedural Unreasonableness*

Rosen argues that the district court committed procedural errors by (1) violating Separation of Powers principles in refusing to adjourn his sentence; (2) improperly penalizing him for previously petitioning this court for a writ of mandamus; (3) effectively treating the Guidelines as mandatory; (4) failing to conduct a review of relevant sentencing factors under 18 U.S.C. § 3553(a); and (5) relying on a mistake of fact. We are not persuaded.

#### a. *Separation of Powers*

Rosen's Separation of Powers argument faults the district court's insistence on proceeding to sentence in 2007—more than three years after defendant's 2004 guilty plea—because it "precipitously cut[ ] off a course of cooperation [with record industry representatives] being managed by the prosecution." Appellant's Br. at 29. Not surprisingly, Rosen points to no authority supporting his claim that the Judicial branch must defer to the Executive when the latter asks to postpone sentencing to permit a defendant's continued cooperation, including cooperation with private parties. In fact, the law affords district courts broad discretion in managing the schedule of a criminal case, *see generally United States v. Yousef,* 327 F.3d 56, 148 (2d Cir.2003); *Harris v. Barkley,* 202 F.3d 169, 173 (2d Cir.2000), and that discretion extends to the scheduling of sentence. This court recently cautioned district courts against lengthy sentencing delays for purportedly cooperating defendants, mindful that such delays undermine public confidence in the fairness and effectiveness of the criminal justice system. *See United States v. Verkhoglyad,* 516 F.3d 122, 126 n. 3 (2d Cir.2008) ("It should be the rare case that requires years of release pending sentence."). In this case, we identify no abuse of discretion in the district court's insistence that, three years after his guilty plea, Rosen submit to sentencing. Separation of Powers principles warrant no different conclusion.

#### b. *Consideration of Mandamus Petition*

Similarly, we identify no merit in Rosen's argument that the district court impermissibly penalized him at sentencing for a mandamus application to this court that sought to delay sentencing. To the extent the district court responded to a defense request for voluntary surrender by referencing Rosen's mandamus petition, Rosen can hardly claim that he was prejudiced because the district court ultimately granted the request. The district court's allusion to this past petition in advising Rosen of his right to appeal his conviction was neutral and provides no persuasive support for a claim of prejudice.

#### c. *Treating the Guidelines as Mandatory*

Insofar as Rosen further argues that the district court treated the Guidelines as mandatory, the record is to the contrary. The district court clearly acknowledged that the Guidelines "are advisory and not mandatory anymore." Sentencing Tr. at 3; *see also id.* at 14 (stating that Guidelines "are not binding on the Court"). Insofar as the district court observed that "sometime I think the Second Circuit takes it" that the Guidelines are still mandatory, *see id.* at 3, we understand the observation to be nothing more than an indirect criticism of those past precedents

that, even after *Booker*, had limited district court authority to impose non-Guidelines sentences in circumstances not here at issue. See, *e.g., United States v. Castillo*, 460 F.3d 337, 357 (2d Cir.2006) (indicating that district courts could not use policy disagreements with Sentencing Commission about relative treatment of crack and powder cocaine to impose non-Guidelines sentence).[2]

#### d. *Section 3553(a) Review*

Nor do we identify procedural error in the district court's failure specifically to discuss those § 3553(a) factors highlighted by his counsel in mitigation of sentence.[3] Before imposing a sentence below Rosen's 57–71 month Guidelines range, the district court noted both the government's submission of a motion pursuant to U.S.S.G. § 5K1.1 *and* its own consideration of "the factors under 3553(a)." Sentencing Tr. at 14. Such a statement is generally sufficient for us to conclude that the district court has "faithfully discharged" its procedural obligation pursuant to § 3553(a). *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir.2006); *see also id.* (explaining that district court need not "expressly parse or address every argument" relating to § 3553(a) factors). Nothing in the record warrants a different conclusion.

■ Rosen also faults the district court's review of facts supporting the imposed fine, a matter controlled by 18 U.S.C. § 3572 as well as § 3553(a). Relevant facts supporting the challenged fine were detailed in the Pre-sentence Report ("PSR") and the Addendum thereto, to which Rosen voiced no objection before the pronouncement of sentence. *See United States v. Fagans*, 406 F.3d 138, 142 (2d Cir.2005) (observing that PSR facts to which no objection is raised may be viewed as admitted). Only thereafter did Rosen submit that the PSR does not accurately reflect his ability to pay a $150,000 fine because some $600,000 in reported "joint" assets are, in fact, held solely by defendant's wife. The argument apparently derives from the Rosens' sale of their residence to raise money to pay the $400,000 forfeiture agreed to by defendant. The couple divided the sale proceeds with the apparent expectation that Rosen's obligations to the government would be payable only from defendant's share.[4]

Assuming the Rosens' division of proceeds would withstand judicial scrutiny, it hardly commands the conclusion that Ro-

---

2. The court has now reconsidered this view of crack sentencing with the benefit of the Supreme Court's decision in *Kimbrough v. United States*, —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). *See United States v. Jones*, 531 F.3d 163, 172 (2d Cir.2008); *United States v. Regalado*, 518 F.3d 143, 150 (2d Cir.2008).

3. To the extent Rosen appears to argue that the district court committed procedural error by considering as an aggravating sentencing factor Rosen's involvement in marijuana distribution for which he had not been convicted, that argument is foreclosed by *United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir. 2005), in which we ruled that a sentencing court may consider even acquitted conduct if proved by a preponderance of the evidence.

4. At oral argument, the government acknowledged its agreement to this arrangement. It could not, however, satisfactorily explain its failure to disclose this fact to the Probation Department in connection with its preparation of Rosen's PSR or to the district court in advance of sentence. The omission is troubling because the government's obligations for candor before the court are greater than those of an "ordinary party." *Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935) (observing that government interest "in a criminal prosecution is not that it shall win a case, but that justice shall be done"). Nonetheless, because the relevant facts were known to the defense, the government's inaction does not excuse the defense's own.

sen cannot afford to pay the imposed fine. Any consideration that Rosen might receive from a $600,000 diminution in his assets relative to his wife, *see* 18 U.S.C. § 3572(a)(1), might well be offset by a reduced burden on Rosen's dependents if his wife could then draw on these assets, *see id.* § 3572(a)(2). Under these circumstances, we can hardly conclude that Rosen demonstrated a mere "arithmetical, technical, or other clear error" in sentencing warranting the relief pursuant to Fed. R.Crim.P. 35(a) that he sought in the district court. *Id.; see* 18 U.S.C. § 3572(c)(2); *see also United States v. Donoso,* 521 F.3d 144, 146 (2d Cir.2008).

Nor did the district court err in denying the defense's request to defer entry of the judgment to permit Rosen to file further written submissions on his purported inability to pay a $150,000 fine. The district court's determination that defendant already "had more than adequate time" to present the relevant facts is amply supported by the record, which indicates that the alleged division of assets was not called to the court's attention in extensive presentence submissions, not highlighted in a written request for amendments to the PSR, and not noted at the start of the sentencing proceeding. In fact, when, at the start of that proceeding, the district court asked defense counsel whether (1) there were "[a]ny further motions to be made with respect to [the Pre-sentence] report," and (2) "there [is] anything else that I have not discussed to which there is a dispute in your mind," Sentencing Tr. at 2–3, counsel answered both questions in the negative. Under these circumstances, the decision not to defer the entry of judgment was a proper exercise of the district court's discretion. *See generally* Fed. R.Crim.P. 32(f)(1) (requiring parties to provide written objections to PSR within 14 days after receiving it); Fed.R.Crim.P. 32(i)(1)(D) (providing district court the au-thority, for "good cause," to allow a party to make a new objection "at any time *before* sentence is imposed" (emphasis added)).

### e. *Factual Error*

As a final procedural error, Rosen points to the district court's incorrect identification of 2001 and 2002, rather than 1997 and 1998, as the years in which he filed false tax returns. To be sure, the selection of a sentence "based on clearly erroneous facts" is a procedural error that can render the sentence unreasonable. *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). We are not persuaded, however, that this is such a case. The critical fact relied on at sentencing was that the defendant had twice filed false returns, not the particular years of those filings. Indeed, petitioner points us to nothing in the record indicating that the particular years of the filings were of any significance. In such circumstances, we do not view the district court's "slip of the tongue," even though repeated after an attempted correction by counsel, to constitute a procedural error calling into question the reasonableness of the challenged sentence. *United States v. Grimes,* 225 F.3d 254, 260 (2d Cir.2000); *see also United States v. Sanchez,* 517 F.3d 651, 665 (2d Cir.2008) (explaining that remand to clarify record ambiguity is unnecessary if it is clear that district court would have imposed same sentence in any event).

### 2. *Substantive Reasonableness*

### a. *Disparity with Confederates*

Rosen contends that the prison component of his sentence is substantively unreasonable when compared to that of various cooperating confederates. He further submits that the fine component of his sen-

tence is substantively unreasonable in light of his personal circumstances.

In the absence of procedural error, "substantive reasonableness reduces to a single question: 'whether the District Judge abused his discretion in determining that the § 3553(a) factors supported' the sentence imposed.'" *United States v. Jones,* 531 F.3d at 170 (quoting *Gall v. United States,* 128 S.Ct. at 597). In making this inquiry, we do not substitute our own judgment for that of the district court. *See Gall v. United States,* 128 S.Ct. at 597; *United States v. Eberhard,* 525 F.3d 175, 179 (2d Cir.2008). We ask simply whether the district court imposed a sentence within the "range of sentences" qualifying as reasonable. *United States v. Jones,* 531 F.3d at 174.[5]

■ In "the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez,* 443 F.3d at 27; *see also Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2464–65, 168 L.Ed.2d 203 (2007). Thus, a defendant who receives the benefit of a below-Guidelines sentence bears a heavy burden in arguing that his sentence is unreasonably high. To the extent Rosen nevertheless makes that argument by comparing his 48–month sentence to sentences imposed on various confederates, we note that the consideration of disparities among confederates is permitted, not required, by § 3553(a). *See United States v. Wills,* 476 F.3d 103, 110 (2d Cir.2007). In such circumstances, the relevant comparisons are between or among similarly situated persons. *See id.* That is not this case.

Rosen argues substantive unreasonableness by comparing himself to *dissimilarly* situated persons, arguing that, as a money launderer, he deserved a far less severe sentence than the drug traffickers whom he serviced. The usefulness of the comparison is by no means obvious, particularly where the government represents that some of the traffickers provided significantly more valuable cooperation than Rosen. *See generally United States v. Florez,* 447 F.3d 145, 158 (2d Cir.2006) (rejecting disparity challenge where co-defendants dissimilarly situated). In these circumstances, a district court may reasonably conclude that the Guidelines for defendant's crime of conviction provide a more useful starting point for determining the relative seriousness of that crime. We identify no abuse of discretion in its conclusion that the totality of the circumstances in Rosen's case warranted a 48–month sentence, nine months below the low end of the Guidelines range applicable to similarly situated persons convicted of conspiring to launder drug proceeds.

b.  *Consideration of Forfeiture*

■ Rosen argues that a $150,000 fine was substantively unreasonable in his case because he had already paid a $400,000 forfeiture, which was more than the amount laundered, and because he lacked the means to pay the additional fine. The first argument merits little discussion because the purpose of the forfeiture and fine orders was not simply to recoup laundered money. For a money-laundering offense, forfeiture applies not only to the proceeds of the crime, but to assets involved in its commission. *See* 18 U.S.C. § 982(a)(1); 21 U.S.C. § 853(a). Thus, the indictment sought forfeiture of virtually all

---

5.  Because the range of reasonable sentences can be broad, even if we were to agree with Rosen's contention that a probationary sentence might have been reasonable in his case, that would not mandate a determination that a 48–month sentence was substantively unreasonable.

of Rosen's business and personal assets, totaling at least $5,000,000. The parties agreed to a $400,000 forfeiture, presumably to avoid the challenges of litigation and collection.

Rosen's latter argument also fails. Fines are part of the punishment for the crime, and can be imposed in an amount up to twice the money laundered, see 18 U.S.C. § 1956(a)(2), which in Rosen's case meant a possible fine of $606,889.20. It was Rosen's burden to establish his inability to pay the fine imposed, *see United States v. Reiss*, 186 F.3d 149, 155 (2d Cir.1999); U.S.S.G. § 5E1.2(a), which he failed to do in light of the detailed discussion of his finances in the PSR and its Addendum. Upon review of the record in light of the relevant statutory factors, *see* 18 U.S.C. § 3572(a), we cannot conclude that the district court abused its discretion in imposing a fine of $150,000.[6]

The judgment of conviction is AF-FIRMED.

---

6. Because we identify no procedural or substantive error in sentencing, there is no need for us to consider Rosen's argument that a remand order should require reassignment of the case.

