10-2503-cr
United States v. John Doe

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand eleven.

PRESENT: CHESTER J. STRAUB,
DENNY CHIN,
            Circuit Judges,
LORETTA A. PRESKA,
            Chief District Judge.[*]

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
        Appellee,

        -v.-                                    10-2503-cr

JOHN DOE,[1]
        Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -x

FOR DEFENDANT-APPELLANT:        JEREMY GUTMAN, New York, New York.

FOR APPELLEE:                   EMILY BERGER, MARTIN E. COFFEY, Assistant United States Attorneys, for LORETTA E. LYNCH, United States Attorney for the Eastern District of New York, Brooklyn, New York.

---

[*]     The Honorable Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

[1]     By a motion dated May 6, 2011 appellant requested that any opinion or order of this Court discussing his cooperation appear under the caption "United States v. John Doe" and that the names of appellant, his co-defendant, and the entity involved in the offense not be specified. The government has not opposed the motion. In light of appellant's safety concerns, the motion is granted.

Appeal from the United States District Court for the Eastern District of New York (Weinstein, <u>J.</u>). **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant John Doe appeals from the district court's judgment, entered June 18, 2010, sentencing him principally to 24 months' imprisonment. Doe challenges the sentence on the grounds that it was unreasonable. He contends that his sentence was procedurally defective (a) because the district court did not properly consider his cooperation with the government; and (b) because the district court did not adequately explain the reasons for the disparity between the sentence it imposed on Doe and the sentence it imposed on Doe's co-conspirator. Doe also contends that his sentence was substantively unreasonable because it was four times greater than that of his co-conspirator, who, according to Doe, was more culpable then he.

We assume the parties' familiarity with the facts and procedural history of the case, which we briefly summarize as follows:

Between 1998 and 2004, Doe was employed by Company, a now-bankrupt corporation. Doe worked for Company, first as an independent consultant and later as vice president. During Doe's tenure at Company, he and Jane Roe, the owner of Company, embezzled money from it. Neither Doe nor Roe reported the proceeds from the embezzlement as income on his or her personal tax returns.

Doe was charged, by criminal information, with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. Doe agreed to cooperate, including against Roe, who had been charged separately with conspiracy to defraud the United States. Doe pled guilty, pursuant to a plea agreement. Before his sentencing, the government moved for a downward departure from the guidelines pursuant to § 5K1.1 of the Sentencing Guidelines, to reflect the substantial assistance Doe provided to the government. Roe eventually pled guilty, and was sentenced principally to six months' imprisonment.

At Doe's sentencing on May 26, 2010, the district court initially imposed a sentence of 30 months' incarceration -- a downward departure from the applicable guidelines range (37-40 months). After the announcement of the sentence, defense counsel noted that the district court had not made reference to the government's § 5K1.1 motion. During the ensuing discussion, the district court explained why it had given Roe a six-month sentence.

The district court then decided sua sponte to "reconsider the matter over the weekend . . . before finally imposing sentence." (May 26, 2010 Sent. Tr. 22). During the second sentencing hearing six days later, the court stated, "[i]n view of the strong cooperation [by Doe], I sentence the defendant to 24 months, after reconsideration." (June 1, 2010 Sent. Tr. 5). The court noted that Doe's cooperation was an important consideration in reducing the sentence from 30 to 24 months, but explained that it had also considered the government's § 5K1.1

- 3 -

letter during the first sentencing hearing on May 26. This appeal followed.

We review the district court's sentencing determination under a "'deferential abuse-of-discretion standard.'" United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 40 (2007)).

A sentence must be procedurally and substantively reasonable. Gall, 552 U.S. at 51; Cavera, 550 F.3d at 189. A district court commits procedural error "if it does not consider the § 3553(a) factors" or "fails adequately to explain its chosen sentence." Cavera, 550 F.3d at 190. There is "a strong presumption that the sentencing judge has considered all arguments properly presented [], unless the record clearly suggests otherwise." United States v. Fernandez, 443 F.3d 19, 29 (2d Cir. 2006). "[W]hen conducting substantive review, [this Court] take[s] into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion." Cavera, 550 F.3d at 190. It "will instead set aside a district court's substantive determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" Id. at 189 (quoting United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007)) (emphasis in original). In making this assessment, this Court "will not substitute its own judgment for the district court's on the question of what sentence is sufficient to satisfy the 3553(a) considerations in any particular case." Id.

- 4 -

Doe argues that his 24-month sentence was procedurally unreasonable because the district court did not properly consider the government's § 5K1.1 letter during his sentencing. The record, however, shows otherwise, for the district court clearly did consider Doe's cooperation with the government. Indeed, the district court adjourned the sentencing to consider further Doe's cooperation, and at the second hearing, the district court further reduced Doe's sentence in light of his cooperation. The district court noted specifically that it had considered Doe's cooperation both initially and again on further review.

Doe also argues that his sentence was procedurally unreasonable "because the extreme disparity between [Doe]'s sentence and [Roe]'s had no stated explanation." (Appellant Br. 30) (internal quotation marks omitted). Again, Doe's assertion is not supported by the record, as the district court did provide an explanation for the disparity. At the May 26 hearing, the district court stated that Roe "had emotional and other problems that required a six-month sentence." (May 26, 2010 Sent. Tr.21).[2]

Finally, Doe claims that his sentence was substantively unreasonable. As a preliminary matter, we note that a guidelines sentence will, in the "overwhelming majority of cases," "fall comfortably within the broad range of sentences that would be

---

[2] During Roe's sentencing, the district court had noted that she had suffered a series of emotional problems related to repeated sexual abuse, alcohol abuse (which she had since overcome), and the death of her son one week prior to her sentencing. While Roe had not cooperated with the government, she had assisted the bankruptcy trustee in connection with Company's bankruptcy.

reasonable in the particular circumstances."  Fernandez, 443 F.3d at 27.  Accordingly, a defendant -- like Doe -- "who receives the benefit of a below-Guidelines sentence bears a heavy burden in arguing that his sentence is unreasonably high."  United States v. Rosen, 296 F. App'x 188, 193 (2d Cir. 2008) (summary order). Doe attempts to bear this burden by noting that his sentence was four times greater than the sentence imposed on Roe; according to Doe, the evidence was insufficient to justify such a disparity. In light of the full record -- including the lower guidelines range applicable to Roe, and her emotional issues -- we cannot conclude that the district court abused its discretion by holding otherwise.

We have considered Doe's remaining arguments and they are rejected.

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK