**UNITED STATES of America, Appellee,**

**v.**

**Robert PINEYRO, Defendant–Appellant.**

**No 748, Docket 95–1521.**

United States Court of Appeals,
Second Circuit.

Argued March 21, 1997.

Decided April 9, 1997.

Anthony N. Iannarelli, Jr., New York City, for Defendant–Appellant.

Alexandra A.E. Shapiro, Assistant United States Attorney, New York City (Mary Jo White, United States Attorney for the Southern District of New York, Guy Petrillo, As-

sistant United States Attorney, New York City, of counsel), for Appellee.

Before: FEINBERG and PARKER, Circuit Judges, and SHADUR, District Judge.[*]

PER CURIAM:

Robert Pineyro appeals from an order entered in the United States District Court for the Southern District of New York (John F. Keenan, *J.*), dated August 9, 1995, recommending that the Bureau of Prisons ("BOP") deny Pineyro's request to credit his federal sentence with the time he previously served in Massachusetts on an unrelated state offense. The district court's recommendation issued in response to a motion filed by Pineyro three years after Pineyro's sentencing on the federal offense, at the conclusion of his state sentence. Because the district court's recommendation to BOP is not an appealable order, this appeal must be dismissed.

## I. BACKGROUND

In 1992, Pineyro was sentenced to fifteen months imprisonment plus a period of supervised release for the federal offense of selling a silencer. He was then remanded to the custody of the Commonwealth of Massachusetts. There, prior to his transfer to the federal court pursuant to a writ of habeas corpus *ad prosequendum* to enter a guilty plea and receive his sentence on the federal charge, he had been awaiting trial for armed robbery. He had committed armed robbery offenses in Massachusetts while on bail for the federal offense.

After being returned to Massachusetts for trial, Pineyro was convicted of armed robbery and sentenced to seven to ten years imprisonment. He immediately began serving the state sentence. Upon completing his state sentence in 1995, Massachusetts transferred him to the custody of BOP, whereupon he began serving his fifteen-month federal sentence.

In October of 1992, shortly after Pineyro began serving his state sentence, he filed a motion in the federal district court where he was sentenced seeking a recommendation to BOP that his state and federal sentences should run concurrently. The order sentencing Pineyro on the federal charge did not state that his federal sentence would run concurrently with his state sentence, nor could it have, since Pineyro had not yet been convicted or sentenced for the unrelated state offenses. Judge Keenan denied the motion, reasoning that "[h]ad the Massachusetts judge wished the state sentence to run concurrently, he/she could have done so. That did not occur. This Court will not effectively usurp the jurisdiction of the Massachusetts State Court nor nullify its own sentence."

In 1994, Pineyro wrote BOP seeking a retroactive designation of his state prison as the place of incarceration for his federal offense, thereby rendering his state and federal sentences concurrent. BOP claimed that it had authority to make a *nunc pro tunc* designation of the state institution as the place of confinement for his federal offense, absent a sentencing order explicitly stating that the two sentences were to run consecutively. *See Barden v. Keohane*, 921 F.2d 476, 483 (3d Cir.1990) (BOP has discretionary authority to designate state prison as the place of confinement on federal charges *nunc pro tunc*). However, according to its policy, BOP instructed Pineyro to first solicit the recommendation of his sentencing judge.

Near the conclusion of his state sentence, in May of 1995, Pineyro filed a "Motion for Declaratory Judgement [sic] and Federal Sentence Credit" in the district court seeking a declaration that his federal sentence commenced as of the beginning of his state sentence and seeking credit on his federal sentence for the time he served in state custody. Construing the motion as another request for a recommendation to BOP to designate the state prison as Pineyro's place of confinement on the federal charges *nunc pro tunc*, Judge Keenan again recommended against

[*] Honorable Milton I. Shadur, of the United States District Court for the Northern District of Illinois, sitting by designation.

BOP granting Pineyro credit for his state time.

After receiving the district court's recommendation, BOP denied Pineyro's request that it credit his federal sentence with the time he spent in state custody. Pineyro did not challenge BOP's decision through administrative channels, but instead filed this appeal from the district court's August 9 recommendation. Pineyro has now completed his state and federal sentences and is currently on supervised release.

## II. DISCUSSION

Pineyro argues that he is entitled to an order from the district court stating that his federal sentence was to run concurrently with his later-imposed state sentence, despite the fact that his federal sentencing order did not so state. We disagree.

■ We begin by noting that Pineyro did not appeal the original sentencing order, which, necessarily, did not specify that Pineyro's sentence was to run concurrently with any subsequent sentence imposed for his unrelated state armed robbery charges. Absent an order that a term of imprisonment is to run concurrently with a term of imprisonment imposed at a different time, the terms run consecutively. *See* 18 U.S.C. § 3584(a). Because Pineyro did not appeal this order, he cannot do so now. *See* Fed. R.App. P. 4(b); *United States v. Ferraro,* 992 F.2d 10, 11 (2d Cir.1993) (per curiam). To the extent that Pineyro argues that the district court should have modified Pineyro's sentence via an order declaring his federal and state sentences to run concurrently, after the state sentence was imposed, the district court did not have the authority to modify the original sentence. *See* Fed. R.Crim.P. 35(c) (district court may only correct a sentence imposed in clear error within seven days of imposing sentence); *United States v. Lussier,* 104 F.3d 32, 37 (2d Cir. 1997). This leaves Pineyro's argument that the district court should have issued an order directing BOP to credit him with the time he spent in state custody, based on the original sentencing order in this case. We reject this argument as well.

■ The district court's August 9 order, from which Pineyro appeals, was only a non-binding recommendation that BOP not credit Pineyro with the time he spent in state custody. After a defendant is sentenced, it falls to BOP, not the district judge, to determine when a sentence is deemed to "commence," *see* 18 U.S.C. § 3585(a); whether the defendant should receive credit for time spent in custody before the sentence "commenced," *see id.* § 3585(b); and whether the defendant should be awarded credit for "good time," *see id.* § 3624(b). *See United States v. Wilson,* 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) (BOP determines credit issues, not the district courts). It also falls to BOP to determine a defendant's place of confinement. *See* 18 U.S.C. § 3621(b). While BOP may consider the recommendation of the sentencing judge in determining the place of a confinement, the district judge's views are not controlling. *See id.* § 3621(b)(4) (in determining the place of confinement, BOP is to determine which facility is "appropriate and suitable, considering" various factors, including "any statement by the court that imposed the sentence"); *Keohane,* 921 F.2d at 483 (statute requires BOP "to solicit the views of the sentencing judge whenever possible," but "his decision is not controlling"). Accordingly, the district court had no authority to require BOP to credit Pineyro with the time he spent in state custody.

■ Because the district court had no authority to modify Pineyro's sentence, or to order BOP to credit Pineyro's sentence with his state time, the district court appropriately construed Pineyro's motion as a request for a recommendation to BOP to designate his state institution as his place of federal confinement *nunc pro tunc,* based on the original sentencing order. The district court's recommendation was not binding on BOP, as we have explained. Accordingly, it is not an order from which Pineyro can appeal. The non-binding recommendation does not fit within the class of final orders appealable either under 28 U.S.C. § 1291 (final decisions of district courts) or 18 U.S.C. § 3742 (final sentencing orders). Instead, Pineyro must challenge the decision of BOP not to designate the state prison as his place

of confinement for the federal charge through the appropriate administrative and judicial channels. *See United States v. Keller,* 58 F.3d 884, 894 (2d Cir.1995) ("To obtain sentencing credit under [18 U.S.C.] § 3585 a federal prisoner must first exhaust his administrative remedies before seeking judicial relief."); *see also Keohane,* 921 F.2d at 483. We express no opinion regarding whether BOP has the authority to make the *nunc pro tunc* designation Pineyro seeks. Because Pineyro has not done this, he cannot now seek judicial relief and this appeal must be dismissed for lack of jurisdiction.

Having determined that Pineyro's appeal must be dismissed for lack of jurisdiction, we need not reach the government's argument that the appeal is moot because Pineyro has served his federal sentence and is currently on supervised release. We note, however, that a term of supervised release is part of a federal sentence. *See* 18 U.S.C. § 3583(a) ("The court, in imposing a sentence to a term of imprisonment ... may include as part of the sentence a requirement that the defendant be placed on a term of supervised release. . . ."). It is not at all clear that Pineyro would be entitled to no relief—in the form of less time remaining on his term of supervised release—if his term of federal imprisonment were deemed by BOP to run concurrently with his state sentence. *See United States v. Blake,* 88 F.3d 824 (9th Cir.1996) (defendants' supervised release time began on date defendants should have been released from prison, not date they actually were released). In any event, this would be a live issue were Pineyro's claim properly before us. Even if we were to agree with the government that a term of supervised release always begins after imprisonment, even after the term of imprisonment is reduced, this would mean we agree with the government on the merits, not that the appeal is moot.

### III.  CONCLUSION

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.