UNITED STATES, Plaintiff,

v.

Hamed MAHMOOD, Movant–Defendant.

No. CR 92–334 (ADS).

United States District Court,
E.D. New York.

Aug. 21, 1998.

Office of the United States Attorney for the Eastern District of New York by Assistant United States Attorney, Leonard Lato, Brooklyn, New York, of counsel, for the United States.

Hamed Mahmood, White Deer, PA, Movant–Defendant Pro Se.

William Wexler, North Babylon, New York, for the Movant–Defendant Hamed Mahmood.

John S. Wallenstein, Hempstead, New York, for the Movant–Defendant Hamed Mahmood.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The defendant, Hamed Mahmood ("Mahmood" or "the defendant") has moved the Court for "an order of release," "reconsideration of the judgment order/sentence," "summary judgment" and "appointment of new counsel." The crux of his complaint is that the United States Bureau of Prisons (BOP) incorrectly refused to award him credit for time served from March 17, 1992 through March 1, 1996. The Government concedes that Mahmood has exhausted his administrative remedies within the BOP, and that his motion is now ripe for review.

Mahmood also has filed a companion action in the Middle District of Pennsylvania, CV 98–0618 (Vanaski, J.), the district where he is incarcerated. During the proceedings before this Court on August 21, 1998, Mahmood waived any objections to this Court's jurisdiction and/or venue, and agreed to have this Court render a determination on the motions.

## I. BACKGROUND

The following chart illustrates the chronology of Mahmood's periods of incarceration:

| DATE | EVENT |
| --- | --- |
| November 14, 1991 | Mahmood was arrested by New Jersey police on state drug charges, and held in pre-trial custody by state officials. |
| April 3, 1992 | While Mahmood was in New Jersey state pre-trial custody, the United States Marshal's Service ("USM") lodged a federal detainer |

| | |
|---|---|
| | against him with New Jersey authorities. |
| May 21, 1992 | The USM temporarily removed Mahmood from New Jersey state custody to federal custody on a Writ of Habeas Corpus *Ad Prosequendum.* |
| June 9, 1992 | The USM returned Mahmood to New Jersey state officials. |
| August 20, 1992 | The USM removed Mahmood from state custody to federal custody on a writ for one day. |
| January 6, 1995 | The New Jersey state court sentenced Mahmood to 15 years imprisonment on state charges, and *awarded him credit for the entire period of time he served from 11/15/91 to 1/6/95.* |
| August 2, 1995 | The USM removed Mahmood from state custody to federal custody on a writ for one day. |
| March 1, 1996 | This Court sentenced Mahmood to a term of 45 months incarceration, and directed that he was "to be given credit for time already served from March 17, 1992," the date the indictment against him was filed. |
| November 13, 1996 | Mahmood was paroled from New Jersey state custody, having completed his state sentence. Mahmood commenced his 45–month federal sentence. |

Mahmood's motions, when boiled down to their essence, seek an Order from this Court directing that the BOP award him credit toward his federal sentence for time served from March 17, 1992 through March 1, 1996. He also seeks an Order from the Court assigning new counsel to assist him in pursuing his motions.

## II. DISCUSSION

### A. Assignment of Counsel

■ Mahmood has filed a motion seeking assignment of new counsel. The Court has reviewed Mahmood's papers, and concluded that he has not met the threshold requirement for the appointment of counsel set forth by the Second Circuit in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir.1997) and *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir.1986). However, since the essence of these motions are in a criminal vein, the Court has directed that Mahmood's trial counsel continue appearing for him in these proceedings. In addition, the Court has ap-

pointed an additional counsel, John S. Wallenstein, Esq., to represent him with respect to his motions. The Court afforded Mahmood the opportunity to consult with both attorneys prior to, and during, his appearance before the Court on this matter.

### B. The BOP's Determination Regarding Credit For Time Served

■ Mahmood contends that he is entitled to an Order from this Court directing that the BOP credit the entire period he spent in custody from March 17, 1992 to March 1, 1996 toward his federal sentence of 45 months imprisonment. The Court disagrees.

At the outset, the Court notes that its sentencing remarks that Mahmood was to be given credit for time already served from March 17, 1992:

[W]as only a non-binding recommendation that BOP ... credit [him] with the time he spent in ... custody. After a defendant is sentenced, it falls to BOP, not the district judge, to determine when a sentence is deemed to 'commence,' *see* 18 U.S.C. § 3585(a); [and] whether the defendant should receive credit for time spent in custody before the sentence 'commenced,' *see id.* § 3585(b) ....

*United States v. Pineyro*, 112 F.3d 43 (2d Cir.1997)(citing *United States v. Wilson*, 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 [1992]). Accordingly, this Court had no authority to require BOP to credit Mahmood with the time he spent in custody.

In any event, in the Court's view, the BOP has calculated correctly Mahmood's sentence, in conformity with 18 U.S.C. § 3585. Section 3585 provides:

3585. Calculation of a term of imprisonment

(a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.—A defendant shall be given credit toward the service of

a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. § 3585(emphasis added).

Application of Section 3585 to these facts reveals that the BOP properly refused to award Mahmood credit toward his federal sentence for the time he spent in custody between March 17, 1992 and March 1, 1996, since that time was credited, in its entirety, toward his New Jersey state sentence.

If anything, the BOP has erred on the side of generosity in calculating what portion of Mahmood's time in custody should be credited toward his federal sentence. In this regard, the Court notes that the BOP has computed Mahmood's federal sentence to include as jail credit the time spent on federal writs from state custody from May 21 to June 9, 1992, August 20 to November 25, 1992, and August 2, 1995 through February 29, 1996, even though these periods also were credited toward his New Jersey sentence.

For the foregoing reasons, Mahmood's motions are denied in all respects.

## III. CONCLUSION

Having reviewed the parties' submissions, heard oral argument and for the reasons stated above, it is hereby

**ORDERED,** that Mahmood's motions for "an order of release," "reconsideration of the judgment order/sentence," and "summary judgment" are denied in all respects; and it is further

**ORDERED,** that Mahmood's motion for "appointment of new counsel" is granted, to the extent that the Court has directed Mahmood's trial counsel to continue to represent him in these proceedings, and has appointed an additional counsel, John S. Wallenstein,

Esq., to represent him with respect to his motions.