**Richard DESMOND, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 00–CV–0406.**

United States District Court, N.D. New York.

April 18, 2000.

Richard Desmond, LSCI Allenwood, White Deer, PA, petitioner pro se.

Office of the United States Attorney, Northern District of New York, Binghamton, New York, Miroslav Lovric, AUSA, Robert Klein, Law Intern of counsel, for respondent.

### MEMORANDUM–DECISION & ORDER

McAVOY, District Judge.

Presently before the Court is Petitioner Richard Desmond's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's motion is denied in all respects.

### I. BACKGROUND

On November 25, 1998, Petitioner entered a plea of guilty to one count of conspiracy to possess with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 846. *See* Judgment of Conviction (attached to Gov't Aff. and Mem. of Law at Ex. A). Petitioner was sentenced principally to a term of impris-

1. Petitioner also alleges that, at the time of sentencing, the Court stated that he would receive credit for time served while under the custody of the U.S. Marshal. Petitioner fails, however, to offer any evidence to support his allegation. Moreover, the Judgment of Conviction does not support his contention. *See*

onment of seventy (70) months. *See id.* The Judgment further ordered that the sentence run concurrently with Petitioner's state sentence. *See id.*

In the instant petition, Petitioner argues that his sentence should be reduced by thirteen (13) months because the Bureau of Prisons ("BOP") "fail[ed] to credit him with the time he served in presentence status under the custody of the United States Marshal[ ]."[1] *See* Petitioner's Mem. of Law at 2. In response, the Government seeks to dismiss Petitioner's section 2255 petition on the grounds that "the [Petitioner's] sentence was imposed correctly by this Court and the [Petitioner] has failed to exhaust the administrative remedies that are in place with the BOP." *See* Gov't Mem. of Law at 1–2.

### II. DISCUSSION

■ A prisoner sentenced by a federal court may move the court that imposed the sentence to "vacate, set aside or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255 (Supp.1999); *see also Chambers v. United States,* 106 F.3d 472, 474 (2d Cir.1997) (internal citations omitted).

#### A. Credit for Pre–Sentence Custody and Exhaustion of Administrative Remedies

The parties acknowledge that 18 U.S.C. § 3585 ("section 3585"), set forth below, governs the issue raised in the instant habeas petition:

§ 3585. *Calculation of a term of imprisonment*

Judgment of Conviction at 2–8. The Court further notes that issues dealing with credit for time served prior to sentencing fall initially within the jurisdiction of the BOP and not this Court. *See United States v. Wilson,* 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) and discussion *infra.*

(a) Commencement of sentence—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

█ Although Petitioner correctly notes that section 3585 addresses the issue of pre-sentence custody, he fails to understand that it is not the duty of this Court, in the first instance, to determine the amount of credit Petitioner should receive for time served in pre-sentence custody prior to Petitioner first exhausting his administrative remedies with the BOP. *See, e.g., United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir.1997) ("After a defendant is sentenced, it falls to BOP, not the district judge, to determine when a sentence is deemed to 'commence'; whether the defendant should receive credit for time spent in custody before the sentence 'commenced'; and whether the defendant should be awarded credit for 'good time.'") (internal citations and quotations omitted); *United States v. McGee*, 60 F.3d 1266, 1272 (7th Cir.1995) ("[I]t is the Attorney General, and not the sentencing court, that computes the credit due under [section] 3585(b)"); *United States v. Keller*, 58 F.3d 884, 894 (2d Cir.1995) ("Credit for prior custody, governed by 18 U.S.C. § 3585(b), is granted by the Attorney General through the Bureau of Prisons after a defendant is sentenced, not by a district court at the time of sentencing. To obtain sentencing credit under [section] 3585 a federal prisoner must first exhaust his administrative remedies before seeking judicial relief.") (internal citations omitted). Thus, the BOP must have its chance to review the time credit issue and determine what portion, if any, of Petitioner's pre-sentence custody should be credited towards his federal sentence.

In noting that the Attorney General, through the BOP, has the responsibility for computing the amount of credit a defendant is entitled to receive, the Supreme Court reasoned that:

> After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under (section) 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.

*United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) (internal citations omitted).

█ Because Petitioner does not contend, nor does the record currently before the Court reflect, that Petitioner "pursued his administrative remedies [through the BOP], he is not presently entitled to seek judicial relief." *Keller*, 58 F.3d at 894. Accordingly, the instant petition seeking a modification in his sentence pursuant to 28 U.S.C. § 2255 is denied.

## III. CONCLUSION

For the foregoing reasons, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED** and **DISMISSED.**
**IT IS SO ORDERED.**