United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41143
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VICTOR GARZA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No.:  6:92-CR-30-5

_____

Before JOLLY and WIENER, Circuit Judges, and ROSENTHAL, District Judge.[*]

E. GRADY JOLLY, Circuit Judge:[**]

Victor Garza, Texas state prisoner #691294, appeals the district court's ruling on his "Motion for Transfer to a Federal Prison Facility."  Because the district court's ruling is a non-binding recommendation to the Bureau of Prisons, it is not an appealable order and we lack jurisdiction.  The appeal is therefore DISMISSED.

_____

[*]District Judge of the Southern District of Texas, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 1994, Garza pleaded guilty in federal court to possession with the intent to distribute marijuana. He was sentenced to 294 months' imprisonment. Prior to Garza's federal sentencing hearing, he was arrested by Texas authorities for murder. After he was sentenced in federal court, Garza was sentenced in state court to 20 years' imprisonment for the state murder conviction. The state court ordered Garza's sentence to run concurrently with his federal sentence. Garza appealed his federal conviction and sentence to this court, arguing that the district court should have sua sponte refused to accept his guilty plea. On March 23, 1995, this court affirmed Garza's judgment and conviction in an unpublished opinion. United States v. Garza, 51 F.3d 1044 (5th Cir. 1995) (table).

On April 8, 2002, Garza filed a "Motion for Transfer to a Federal Prison Facility." Garza argued that he had never been transferred from state custody to federal custody, and he requested that the district court order the Texas Department of Criminal Justice to deliver him to federal authorities to serve his federal sentence. The Government responded that the parties had contemplated that the state and federal sentences would be served concurrently and, therefore, it recommended that the court enter a judgment and sentence nunc pro tunc ordering Garza's federal sentence to begin on August 26, 1994, the date that he was sentenced in federal court, and further ordering that it run concurrently with his state sentence.

On July 16, 2002, the district court entered an order partially granting Garza's motion. The court ordered that a judgment and sentence nunc pro tunc be entered designating the Texas Department of Criminal Justice, Institutional Division, as primary custodian for service of Garza's federal sentence; reflecting the date that service of Garza's federal sentence began as August 26, 1994; and directing that Garza's federal sentence run concurrently with his state sentence. The court ordered, further, that Garza's judgment and sentence reflect that, in the event that he concluded the service of his state sentence with time remaining to be served on his federal sentence, he would be delivered to the custody of the United States Marshal for transportation to the Bureau of Prisons to complete the service of his federal sentence. Garza's untimely notice of appeal from the district court's ruling was determined to have been due to excusable neglect.

II

Garza, pro se, does not contest the substance of the district court's ruling on his Motion for Transfer to a Federal Prison Facility. Instead, he seeks to turn this appeal into a collateral attack on his federal and state convictions. He argues that he was "let [sic] to believe that he would serve his state sentence concurrently with his federal sentence in federal custody," and, therefore, both the federal government and the State of Texas breached the federal and state plea agreements. He thus contends that his guilty pleas in state and federal court were involuntary

and that he should be allowed to withdraw them. Obviously, Garza cannot raise these issues for the first time in this appeal.

Even more fundamentally, however, this court lacks jurisdiction to consider Garza's appeal because our precedents make clear that the district court's ruling on his Motion for Transfer to a Federal Prison Facility is a non-binding recommendation to the Bureau of Prisons. See 18 U.S.C. § 3621(b) (Bureau of Prisons determines place of confinement). Therefore, it is not an appealable order. See United States v. Pineyro, 112 F.3d 43, 44-46 (2d Cir. 1997) (district court's order recommending that Bureau of Prisons not grant Pineyro credit for time served in state prison was "only a non-binding recommendation" and appeal "must be dismissed for lack of jurisdiction"); United States v. De La Pena-Juarez, 214 F.3d 594, 599-600 (5th Cir. 2000) (district court's order requiring as condition of sentence that fifty percent of defendant's prison earnings be garnished to support his children and that defendant be housed in a facility close to Houston were non-binding recommendations to Bureau of Prisons "and, accordingly, it is not an order from which [defendant] can appeal").

III

For the foregoing reasons, the appeal is DISMISSED for lack of jurisdiction.

APPEAL DISMISSED.

4