12-2314-cr (L)
United States v. Williams

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand fourteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge,*
>RICHARD C. WESLEY,
>DENNY CHIN,
>>*Circuit Judges.*

---

UNITED STATES OF AMERICA,

>*Appellee*,

>v.                                                    Nos. 12-2314(L); 12-2454-cr(CON);
>                                                        12-2650(CON)

SHEIKERA WILLIAMS, MICHAEL JOHNSON, JERMAINE JONES,

>*Defendants-Appellants.*[*]

---

[*] The Clerk of the Court is directed to amend the caption to conform the spelling of the defendants' names to those listed above.

For Appellant Sheikera Williams:     CHARLES F. WILLSON, Nevins & Nevins LLP, East Hartford, CT.

For Appellant Michael Johnson:     MICHAEL GERARD DOLAN, Dolan & Luzzi LLP, Hamden, CT.

For Appellant Jermaine Jones:     FRANK J. RICCIO II, Law Offices of Frank J. Riccio LLC, Bridgeport, CT.

For Appellee:     DAVID E. NOVICK (Sandra S. Glover, *on the brief*), Assistant United States Attorneys *for* Deirdre M. Daly, Acting United States Attorney for the District of Connecticut.

Appeal from judgments of conviction and sentences imposed by the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court be and are hereby **AFFIRMED**.

In these consolidated appeals, the defendants-appellants appeal, respectively, the judgments of conviction entered on June 19, 2012 (against defendant Sheikera Williams) and June 5, 2012 (against defendants Michael Johnson and Jermaine Jones) by the United States District Court for the District of Connecticut (Bryant, *J.*). Jones and Johnson were convicted following a jury trial of seven counts of bank fraud in violation of 18 U.S.C. § 1344, one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, and seven counts of aggravated identity theft in violation of 18 U.S.C. § 1028A. The district court sentenced Jones principally to 240 months' imprisonment and Johnson to 264 months' imprisonment. Jones appeals both his conviction and his sentence, while Johnson appeals only his sentence. Williams pleaded guilty to one count of each of the above-mentioned offenses and was sentenced principally to 109 months' imprisonment. Williams appeals the reasonableness of the district

2

court's sentence and its refusal to recommend her participation in a drug treatment program to the Bureau of Prisons. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We first address Jones's challenge to the sufficiency of the evidence that he had the knowledge and intent required to convict him for bank fraud, conspiracy to commit bank fraud, and aggravated identity theft. Jones argues both that his mere presence does not make him a member of the conspiracy and that some of the government's witnesses at trial were not credible because they were testifying pursuant to cooperation agreements.

We review Jones's sufficiency of the evidence claim *de novo*, but will uphold a jury verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Persico*, 645 F.3d 85, 105 (2d Cir. 2011) (emphasis omitted) (internal quotation marks omitted). In considering the sufficiency of the evidence, we "view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *United States v. Sabhnani*, 599 F.3d 215, 241 (2d Cir. 2010) (quoting *United States v. Parkes*, 497 F.3d 220, 225 (2d Cir. 2007)).

Applying that standard to the instant case, we have no trouble concluding that Jones has failed to carry his heavy burden in attempting to challenge the sufficiency of the evidence against him. At its core, the defendants' alleged scheme spanned several years and involved 1) breaking into cars to steal checkbooks and identities; 2) recruiting drug addicts ("cashers") to impersonate the individuals whose identifying documents they had stolen, and 3) fraudulently cashing checks drawing upon individuals' accounts at many banks across the country. To support this basic

3

factual story, and thus the fourteen counts charged in Jones's indictment, the Government offered the testimony of five of the "cashers." Nearly all of them testified that Jones or his co-conspirators had recruited them into the scheme and facilitated his or her participation. For example, one casher testified that Jones rented the vehicle that she drove while cashing fraudulent checks at several banks in New Jersey, and that Jones followed behind her in a white van and spoke to her on a cell phone throughout the thefts. Further corroborating the cashers' testimony, co-defendant Williams also testified against Jones and Johnson pursuant to her cooperation agreement with the Government. She testified that, among other things, she witnessed Jones break in to cars to steal identities while she acted as lookout; Jones recruited white females to act as cashers; Jones would call banks before attempting to cash checks to be sure there were sufficient funds; Jones would sometimes make travel arrangements for cashers; and Jones secured the stolen "pieces" (that is, identities) for the scheme in West Palm Beach, Florida.

In short, plentiful evidence was presented at trial of Jones's intent to join a conspiracy to commit bank fraud, his intent to commit the substantive crime of bank fraud, and his knowledge that the means of identification at issue belonged to another person. Jones's impugning of some of this testimony as motivated by the witnesses' incentives to cooperate is plainly insufficient to disturb his conviction: determining these witnesses' credibility was a question for the jury, and we must assume that credibility determination was resolved against him. *See United States v. Riggi*, 541 F.3d 94, 108 (2d Cir. 2008) ("All issues of credibility, including the credibility of a cooperating witness, must be resolved in favor of the jury's verdict."). Consequently, we affirm

Jones's conviction as to all counts and turn to each defendant's challenge to the reasonableness of his or her sentence.

We review sentences for their procedural and substantive reasonableness. *See United States v. Gilliard*, 671 F.3d 255, 258 (2d Cir. 2012). Under this "deferential abuse-of-discretion standard," we first consider whether the district court committed procedural error. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). Among other grounds, "[a] district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *Id*. at 190 (internal citations omitted). Even if the district court committed procedural error, the Court may still affirm if the error was "harmless," that is, if "the record indicates clearly that the district court would have imposed the same sentence in any event." *United States v. Batista*, 684 F.3d 333, 345 (2d Cir. 2012) (internal quotation marks omitted).

All three defendants challenge the district court's factual determination of the intended loss amount pursuant to § 2B1.1(b)(1) of the United States Sentencing Guidelines, contending that the district court's calculation produced an amount so far above the loss amount documented at trial that it simply cannot stand. The Probation Office calculated the loss that was intended to result from the offenses of conviction by extrapolating from trial testimony the assumption that the scheme involved three days of work per week between September 6, 2007, and May 7, 2010, that the average theft was $2000 per bank, and that the defendants visited five banks per day. Multiplied together, these figures total an intended loss amount of $4.17 million. The district

court adopted Probation's recommendation and factual findings, and further verified in its statement of reasons that the intended loss amount was established by evidence at trial.

We review the district court's "factual findings on loss for clear error," *United States v. Uddin*, 551 F.3d 176, 180 (2d Cir. 2009) (quoting *United States v. Carboni*, 204 F.3d 39, 46 (2d Cir. 2000)). We have also expressly held that "[a] district court may make a reasonable estimate by extrapolating the average amount of loss from known data and applying that average to transactions where the exact amount of loss is unknown." *Id.* (internal quotation marks omitted). We find no error in the district court's method of calculating the loss or its factual findings about the amount of intended loss, and reject the defendants' contention that the district court had insufficient "known data" from which to extrapolate a total intended loss amount of $4.17 million. Accordingly, we reject all three defendants' challenges to the district court's loss calculation.

Jones and Johnson both argue that the district court committed procedural error in applying a two-level enhancement for the use of "sophisticated means" pursuant to § 2B1.1(b)(10) of the Guidelines. We find no error in the district court's decision to apply the enhancement. In *United States v. Jackson*, 346 F.3d 22 (2d Cir. 2003), an identity theft case posing substantially similar facts, we upheld a sophisticated means enhancement notwithstanding the defendant's argument that each step in the scheme to defraud was relatively unsophisticated. We reasoned that "even if each step in the scheme was not elaborate, the total scheme was sophisticated in the way all the steps were linked together so that Jackson could perceive and exploit different vulnerabilities in different systems in a coordinated way." *Id.* at 25. Similarly, the defendants' conduct here was sophisticated when viewed in the aggregate: the defendants

6

stole identities, called those individuals' banks to confirm available funds, recruited people addicted to drugs to serve as doppelgangers for the victims, purchased disguises, and occasionally used a contact within the Social Security Administration to complete their theft of the victims' identities.

In largely conclusory sections of their briefing, Jones and Johnson also challenge the district court's application of a four-level enhancement after finding that the offense involved fifty or more victims pursuant to § 2B1.1(b)(2)(B) of the Guidelines. The argument is without merit. The calculation of the number of victims was based upon checks and identity documents recovered by the Government in investigating the offenses: the number of victims assumed in the district court's calculation was not an "estimate," but rather a figure squarely supported by record evidence. In similarly conclusory fashion, Jones contends that "from purely a factual perspective," the district court's application of a three-level enhancement pursuant to § 3B1.1(b) of the Guidelines for his role as a "manager or supervisor" in the offenses was clear error. We disagree: the enhancement was appropriate given the record evidence of the nature of Jones's participation in the scheme and the participation of at least five cashers in it. Accordingly, we affirm the district court's application of a fifty-or-more-victims enhancement to Jones and Johnson and a three-level role enhancement to Jones.

Having satisfied ourselves of the procedural reasonableness of the sentences, we consider the substantive reasonableness of the sentences for abuse of discretion. A sentence will be set aside as substantively unreasonable only in the "exceptional" case where the sentence "'cannot be located within the range of permissible decisions.'" *Cavera*, 550 F.3d at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). This sort of review is akin to the "manifest

7

injustice" or "shocks-the-conscience" standards. *See Rigas*, 583 F.3d at 223. Applying this standard to the sentences imposed here, we find that none of the sentences "shocks the conscience" given the length and nature of the fraudulent scheme.

In addition, we reject each defendant's argument that the district court committed error because the district court's Guidelines calculation involved multiple "overlapping" enhancements that yielded a much higher total offense level than was warranted. We have vacated and remanded sentences in which "enhancements combine to have a cumulative effect that is present to a degree not adequately considered by the [Sentencing] Commission," in order to "make available, in the discretion of the District Court, a downward departure." *Jackson*, 346 F.3d at 26 (internal quotation marks omitted). We have noted that "a refusal to downwardly depart is generally not appealable, and . . . review of such a denial will be available only when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Stinson*, 465 F.3d 113, 114 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). "In the absence of clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority, we presume that a sentenc[ing] judge understood the scope of his authority." *Id.* (internal quotation marks omitted). There is no evidence that the district court misapprehended its authority here. We therefore affirm the defendants' incarcerative sentences.

Finally, Williams has appealed the district court's refusal to recommend to the Bureau of Prisons her participation in a residential drug treatment program during her custodial sentence. She contends that the district court's refusal to do so was an abuse of discretion that we may notice and correct. However, where, as here, a requested recommendation would merely be a

8

non-binding recommendation to the Bureau of Prisons, the district court's refusal is not appealable. *See United States v. Yousef*, 327 F.3d 56, 165 (2d Cir. 2003); *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997).

We have considered the defendants' remaining arguments and find them to be without merit. For the reasons stated herein, the judgments of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk