16-2610
*United States v. Rizzo (Perko)*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand seventeen.

PRESENT:
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,
> *Appellee,*

v.                                                   No. 16-2610

MICHAEL PERKO,
> *Defendant-Appellant.**

_____

FOR DEFENDANT-APPELLANT:        César de Castro, New York, NY.

FOR APPELLEE:                   Andrew K. Chan, Emil J. Bove, III, Karl Metzner, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

---

\* The Clerk of Court is directed to amend the caption to conform to the above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the District Court entered July 20, 2016, is **AFFIRMED**, and the case is **REMANDED** for the limited purpose of permitting the District Court to amend the judgment to include a written statement of reasons for the sentence imposed.

Defendant-appellant Michael Perko violated the conditions of his three-year term of supervised release. The District Court had imposed the term as Perko's sentence following his conviction under 21 U.S.C. §§ 841(b)(1)(C) and 846, pursuant to a guilty plea, for conspiring to possess and distribute 50 kilograms or more of marijuana. In response to Perko's violation, the District Court revoked his supervised release and imposed a sentence of two years' imprisonment—the statutory maximum—to be followed by two years of additional supervised release. *See* 18 U.S.C. § 3583(e)(3). Perko now challenges the latter sentence as procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision.

Perko argues that the District Court abused its discretion by imposing a prison term longer than the advisory Guidelines range of four to ten months without providing sufficient justification. In addition, he contends that the sentence was substantively unreasonable and that the District Court did not adequately consider his mental health needs. He also maintains that the District Court should have credited him for the approximately four months he spent in state custody for the conduct that led to the revocation of his supervised release. Finally, he argues that the District Court erred by not issuing a written statement of reasons for imposing an above-Guidelines sentence.

**I.    Legal Standards**

A sentencing court "must 'state in open court the reasons for its imposition of [a] particular sentence,' and where the sentence is outside an advisory Guidelines range, the court

must also state 'the specific reason' for the sentence imposed, in open court as well as in writing—'with specificity in a statement of reasons form' that is part of the judgment." *United States v. Aldeen*, 792 F.3d 247, 251-52 (2d Cir. 2015) (citations omitted) (quoting 18 U.S.C. § 3553(c)). "As a general matter, the requirements of § 3553(c) have likely been satisfied when a court's statements meet the goals of (1) informing the defendant of the reasons for his sentence, (2) permitting meaningful appellate review, (3) enabling the public to learn why the defendant received a particular sentence, and (4) guiding probation officers and prison officials in developing a program to meet the defendant's needs." *Id.* at 253 (internal quotation marks omitted). But Section 3553(c) "requires no specific formulas or incantations." *Id.* In *Aldeen*, a case squarely apposite here, we observed that "[t]hese concepts apply as well to sentences for violations of supervised release," but "there are some differences between sentencing for the underlying crime and sentencing for a violation of supervised release." *Id.* at 252. Thus, "[t]hough the imposition of an above-Guidelines sentence triggers a higher descriptive obligation, we simultaneously require less rigorous specificity where, as here, a court sentences a defendant for violation of supervised release." *Id.* at 253 (citation and internal quotation marks omitted).

As we have often explained, sentences are substantively unreasonable when they are "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks omitted).

**II.    Discussion**

For the reasons set out below, we are satisfied that Perko's sentence was procedurally and substantively reasonable, and we therefore affirm the judgment and the sentence imposed. We remand the case, however, for the limited purpose of permitting the District Court to amend the judgment to include a written statement of reasons for the sentence imposed.

Perko's procedural unreasonableness argument lacks merit. The District Court made plain at sentencing its reasons for imposing a considerable prison sentence, as is evident from the transcript of those proceedings. The District Court had earlier imposed a lenient sentence

3

(requiring no imprisonment except for time already served) for Perko's original drug conspiracy conviction, citing Perko's family ties and his "eloquent account of [him]self." J.A. 147. Yet, in the first few weeks after his release, the District Court found, Perko "terrorized" his family, including his children, by burning his ex-wife's clothes and slashing the tires of her boyfriend's trailer. J.A. 146-47. (Perko did not dispute those findings: he pleaded guilty to violation specifications filed by the Probation Office related to those incidents.) The District Court also found that, although Perko might not have choked his ex-wife during an incident that occurred while he was on supervised release (conduct constituting a crime that he was charged with, but acquitted of, in state court), he had admitted under oath that he "grabb[ed] her" and "tried to take control of her" during the incident. J.A. 147. The District Court noted that Perko failed to accept responsibility for his actions and that he had written harassing and inappropriate letters to his family and others while incarcerated. Perko showed "an inability to refrain from . . . intimidating and violent acts . . . from the moment [he] walked out of th[e] courtroom," the District Court found. J.A. 148. The District Court was unwilling to "take that chance again" and concluded that "it would be irresponsible . . . to give [Perko] the same break" that he had received during the original sentencing for the drug conspiracy charge. *Id.*

We are not persuaded by Perko's argument that the District Court's oral explanation was insufficient merely because it did not "specifically address why a sentence within the applicable advisory Guidelines was not sufficient" or "explicitly address what § 3553(a) factor or factors justified the imposition of an above-Guidelines sentence." Perko Br. 13. During sentencing, the District Court expressed its awareness of the applicable Guidelines range, and it was clear in context that the District Court viewed a Guidelines sentence as inadequate to reflect the seriousness of Perko's conduct, to promote respect for the law, and to protect the public from further criminal conduct. Although the District Court did not expressly state that specific Section 3553(a) factors rendered the Guidelines range inadequate, it was not required to do so when its reasoning was nonetheless apparent. *See Aldeen*, 792 F.3d at 253 ("Section 3553(c) requires no specific formulas or incantations . . . .").

The sentence was also substantively reasonable. The two-year period of imprisonment

4

represented a significant variance from the applicable Guidelines range of four to ten months, it is true. But in light of the seriousness of Perko's conduct while on supervised release, we cannot say that the variance was shockingly high or otherwise unsupportable as a matter of law. Further, the District Court took account of Perko's mental health needs and concluded that "the Bureau of Prisons, even if not the best provider of [mental health] services, has the ability and ha[s] the resources to give [Perko] the help that [he] need[s]." J.A. 148. Perko has offered no reasons why the District Court's determination was unreasonable. Although Perko complains that he cannot now receive the care he needs at his placement in New Jersey, the Bureau of Prisons is the proper recipient of an application for transfer, as it—not the District Court—controls Perko's placement.

Nor did the District Court err by not crediting against Perko's new sentence the time he had spent in state custody awaiting trial on the criminal charge arising from his post-release conduct. "After a defendant is sentenced, it falls to [the Bureau of Prisons], not the district judge, to determine . . . whether the defendant should receive credit for time spent in custody before the sentence commenced . . . ." *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997) (internal quotation marks omitted). We have long held that, "although the defendant may, after exhausting his administrative remedies, obtain judicial review of that Bureau's determination" in a proceeding under 28 U.S.C. § 2241, "the credit is not to be granted by a district court at the time of sentencing." *United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998) (brackets and internal quotation marks omitted); *see also Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).

Finally, Perko is correct that the record lacks the written statement of reasons required by 18 U.S.C. § 3553(c)(2). This omission does not in itself require us to disturb Perko's sentence, however. *See United States v. Jones*, 460 F.3d 191, 196-97 & n.2 (2d Cir. 2006). In any event, Perko does not request resentencing as a remedy for the omission. The government and Perko agree to a limited remand of the case to permit the District Court to amend the judgment to include a written statement of reasons. In keeping with our practice, we will remand the case for that limited purpose. *See id.*

5

* * *

We have considered Perko's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court, and we **REMAND** the case for the limited purpose of permitting the District Court to amend the judgment to include a written statement of reasons for the sentence imposed.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court