United States v. McMillan (Adams)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of November, two thousand eighteen.

PRESENT: DENNIS JACOBS,
ROSEMARY S. POOLER,
RICHARD C. WESLEY,
          Circuit Judges.

- - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
          Appellee,

          v.                                                    17-3659

ALFRED MCMILLAN, AKA INFINITE,
          Defendant,

1

**ERIC ADAMS,**

                <u>**Defendant-Appellant.**</u>

- - - - - - - - - - - - - - - - -X

FOR APPELLEE:
David C. James, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, <u>on the brief</u>), <u>for</u> Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT:
Eric Adams, <u>pro se</u>, Florence, CO.

Appeal from an order of the United States District Court for the Eastern District of New York (Amon, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Eric Adams moved to have the district court issue an order compelling the Bureau of Prisons ("BOP") to transfer him to a prison in New York, near his family.   The district court ruled that (1) the BOP had complete discretion to choose Adams's place of imprisonment and (2) the BOP's decision was not reviewable.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.   We affirm.

Adams invoked 18 U.S.C. § 3621(b)(4)(B) as support for his transfer request. Section 3621(b)(4)(B) states that the BOP must consider a recommendation from the sentencing court about the place of incarceration; but "[a]fter a defendant is sentenced, it falls to BOP, not the district judge, to determine . . . a defendant's place of confinement."   <u>United States v. Pineyro</u>, 112 F.3d 43, 45 (2d Cir. 1997) (per curiam); <u>see also</u> 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment").   "While [the] BOP may consider the

recommendation of the sentencing judge in determining the place of a confinement, the district judge's views are not controlling." Pineyro, 112 F.3d at 45.

Alternatively, the district court construed the motion as a request under the Administrative Procedure Act "for review of the BOP's decision to incarcerate [Adams] at facilities outside the vicinity of his family members," and ruled that it lacked the ability to review the BOP's decisions.   We review decisions on subject matter jurisdiction de novo.   See Sharkey v. Quarantillo, 541 F.3d 75, 82 (2d Cir. 2008) (reviewing judgment entered for lack of subject matter jurisdiction de novo).   As the district court concluded, the BOP's decision regarding the place of imprisonment of a sentenced defendant is exempt from judicial review under the APA.   18 U.S.C. § 3625 ("The provisions of [the APA] do not apply to the making of any determination, decision, or order under this subchapter.").

We have considered all of Adams's remaining arguments and find them to be without merit.   For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3